PER CURIAM.
The Juvenile Court Rules Committee (“the committee”) has submitted to this Court its quadrennial report and a supplemental report of proposed amendments to the Florida Rules of Juvenile Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Pursuant to Florida Rule of Judicial Administration 2.130(c), the committee reported its proposed quadrennial amendments to the Board of Governors of The Florida Bar for its consideration and recommendation. The proposed quadrennial amendments were then submitted to this Court and published for comment, but no comments were received.
The committee then followed the same procedure with a supplemental report proposing additional amendments to incorporate statutory changes from the 2000 legislative session. These proposed additional amendments were also published for comment, and one comment was received from the Department of Juvenile Justice (“DJJ”) suggesting primarily technical and citation changes which, in large part, we have incorporated into the rules and forms at issue. We have also sua sponte amended proposed language in rule 8.345(a) (“Motion for Modification of Placement”) to reference not only parents and legal custodians but also any appointed guardians ad litem or attorneys ad litem.
We have reviewed the committee’s proposed amendments and DJJ’s comments thereon, and approve the amendments as discussed above and set forth in the appendix to this opinion. New language is indicated by underscoring, deletions by strike-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective at 12:01 a.m., January 1, 2001. See Fla. R. Jud. Admin. 2.130(c)(5). Our thanks to the committee and DJJ for their insights and commitment to bettering the Florida Rules of Juvenile Procedure.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ„ concur.

APPENDIX

RULE 8.013. DETENTION PETITION AND ORDER
(a) Time Limitation. No child taken into custody shall be detained, as a result of the incident for which taken into custody, longer than as provided by law unless a detention order so directing is made by the court following a detention hearing.
(b) Petition. The detention petition shall:
(1) be in writing and be filed with the court;
(2) state the name and address of the child or, if unknown, designate the child by any name or description by which he or *139 she can be identified with reasonable certainty;
(3) state the age and sex of the child or, if the age is unknown, that the child is believed to be of an age which will make him or her subject to the procedures covered by these rules;
(4) state the reasons why the child is in custody and needs to be detained;
(5) recommend the place where the child is to be detained or the agency to be responsible for the detention; and
(6) be signed by an authorized agent of the Department of Juvenile Justice or by the state attorney or assistant state attorney.
(c) Order. The detention order shall:
(1) be in writing;
(2) state the name and address of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(3) state the age and sex of the child or, if the age is unknown, that the child is believed to be of an age which will make him or her subject to the procedures covered by these rules;
(4) order that the child shall be held in detention and state the reasons therefor;
(5) make a finding that probable cause exists that the child is delinquent or that such a finding cannot be made at this time and that the case is continued for such a determination to a time certain within 72 hours from the time the child is taken into custody unless this time is extended by the court for good cause shown for not longer than an additional 24 hours;
(6) designate the place where the child is to be detained or the person or agency that will be responsible for the detention along withand state any special conditions found to be necessary;
(7) state the date and time when issued and the county and court wdiere issued, together with the date and time the child was taken into custody;-and-
(8) direct that the child be released no later than 5:00 p.m. on the last day of the specified statutory detention period, unless a continuance has been granted to the state or the child for cause; and
(89) be signed by the court with the title of office.
RULE 8.015. ARRAIGNMENT OF DETAINED CHILD
(a) When Required. If a petition for delinquency is filed and the child is being detained, whether in secure, nonsecure, or home detention, the child shall be given a copy of the petition and shall be arraigned within 48 hours of the filing of the petition, excluding Saturdays, Sundays, or legal holidays.
(b) Notice.
(1) Personal appearance of any person in a hearing before the court shall obviate the necessity of serving process on that person.
(2) The clerk of the court shall give notice of the time and place of the arraignment to the parent or guardian of the child and the superintendent of the detention center by:
(A) summons;
(B) written notice; or
(C) telephone notice.
(3) The superintendent of the detention center, or designee, also shall verify that a diligent effort has been made to notify the parent or guardian of the child of the time and place of the arraignment.
*140 (4) Failure of notice to the parent or guardian, or nonattendance of the parent or guardian at the hearing, shall not invalidate the proceeding.
Committee Notes
This rule corresponds to section 39tQ44(-7-)985.215(7), Florida Statutes, which requires detained children to be arraigned within 48 hours of the filing of the delinquency petition. This statutory requirement does not allow the normal summons process to take place. The rule, therefore, creates an option for the clerk of the court to notice the parent by phone or in writing.
RULE 8.030. COMMENCEMENT OF FORMAL PROCEEDINGS
(a) Allegations as to Child. All proceedings shall be initiated by the filing of a petition by a person authorized by law to do so. A uniform traffic complaint may be considered a petition, but shall not be subject to the requirements of rule 8.035.
(b) Allegations as to Parents or Legal Guardians. In any delinquency proceeding in which the state is seeking payment of restitution by the child’s parents or legal guardians, or any other penalty under chapter 985, Florida Statutes, a separate petition alleging the parents’ or legal guardians’ responsibility shall be filed and served on the parents or legal guardians of the child.
RULE 8.031 PETITION FOR PARENTAL SANCTIONS
(a) Contents. Each petition directed to the child’s parents or legal guardians shall be entitled a petition for parental sanctions and shall allege all facts showing the appropriateness of the requested sanction against the child’s parents or legal guardians.
(b) Verification. The petition shall be signed by the state attorney or assistant state attorney, stating under oath the petitioner’s good faith in filing the petition.
(c) Amendments. At any time before the hearing at which parental sanctions are being sought, an amended petition for parental sanctions may be filed or the petition may be amended on motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted on motion and a showing that the amendment prejudices or materially affects any party.
RULE 8.040. PROCESS
(a) Summons.
(1) Upon the filing of a petition upon a child who is not detained by order of the court, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. The time of the hearing shall not be less than 24 hours after service of the summons. The summons shall require the custodian to produce the child at the said time and place. A copy of the delinquency petition shall be attached to the summons.
(2) If the child is being detained by order of the court, process shall be in accordance with the rule pertaining to the arraignment of a detained child.
(b) Service.
(1) Generally. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known the clerk shall give them notice of the proceedings by mail. Service of process may be waived.
(2) Petition for Parental Sanctions. A petition for parental sanctions may be served on the child’s parents or legal guardians in open court at any hearing concerning the child, but must be served at *141 least 72 hours before the hearing at which parental sanctions are being sought. The petition for parental sanction's also may be served in accordance with chapter 48, Florida Statutes.
(c) Subpoena. — Upon the-application of a-party-the-clerk shall, and the court on its own motion may-issue subpoenas requiring attendance and testimony of witnesses and production- of records, documents, or other tangible objects at any hearing- — This-section shall not in any way hmit-the-state attorney’s power to issue subpoenas.
Committee Notes
1991 Amendment. This rule clearly defines the difference in procedures for summons for detained and nondetained children.
2000 Amendment. Subsection (b)(2) was added to provide requisite notice to the parents or legal guardians of a child when the state is seeking restitution or wishes to impose other sanctions against the parent or legal guardian. See S.B.L., Natural Mother of J.J. v. State, 737 So.2d 1131 (Fla. 1st DCA 1999); A.G., Natural Mother of S.B. v. State, 736 So.2d 151 (Fla. 1st DCA 1999).
RULE 8.041 WITNESS ATTENDANCE AND SUBPOENAS
(a) Attendance. A witness summoned by a subpoena in an adjudicatory hearing shall remain in attendance at the adjudicatory hearing until excused by the court or by both parties. A witness who departs without being excused properly may be held in criminal contempt of court.
(b) Subpoenas Generally. Subpoenas for testimony before the court and subpoenas for production of tangible evidence before the court may be issued by the clerk of the court, by any attorney of record in an action, or by the court on its own motion.
(c) Subpoenas for Testimony or Production of Tangible Evidence.
(1) Every subpoena for testimony or production of tangible evidence before the court shall be issued by an attorney of record in an action or by the clerk under the seal of the court. The subpoena shall state the name of the court and the title of the action and shall command each person to whom it is directed to attend and give testimony or produce evidence at a time and place specified.
(2) On oral request of an attorney of record, and without a witness praecipe, the clerk shall issue a subpoena for testimony before the court or a subpoena for tangible evidence before the court. The subpoena shall be signed and sealed but otherwise blank, both as to the title of the action and the name of the person to whom it is directed. The subpoena shall be filled in before service by the attorney-
id) Subpoenas for Production of Tangible Evidence. If a subpoena commands the person to whom it is directed to produce the books, papers, documents, or tangible things designated in it, the court, on motion made promptly and in any event at or before the time specified in the subpoena for compliance with it, may
(1) quash or modify the subpoena if it is unreasonable and oppressive, or
(2) condition denial of the motion on the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.
RULE 8.060. DISCOVERY
(a) Notice of Discovery.
(1) After the filing of the petition, a child may elect to utilize the discovery process provided by these rules, including *142 the taking of discovery depositions, by filing with the court and serving upon the petitioner a “notice of discovery” which shall bind both the petitioner and the child to all discovery procedures contained in these rules. Participation by a child in the discovery process, including the taking of any deposition by a child, shall be an election to participate in discovery. If any child knowingly or purposely shares in discovery obtained by a codefendant, the child shall be deemed to have elected to participate in discovery.
(2) Within 5 days of service of the child’s notice of discovery, the petitioner shall serve a written discovery exhibit which shall disclose to the child or the child’s counsel and permit the child or the child’s counsel to inspect, copy, test, and photograph the following information and material within the petitioner’s possession or control:
(A)A list of the names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations, to any defense with respect thereto, or to any similar fact evidence to be presented at trial under section 90.402(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
(i)Category A. These witnesses shall include
(a) eyewitnesses;
(b) alibi witnesses and rebuttal to alibi witnesses;
(c) witnesses who were present when a recorded or unrecorded statement was taken from or made by the child or codefendant, which shall be separately identified within this category;
(d) investigating officers;
(e) witnesses known by the petitioner to have any material information that tends to negate the guilt of the child as to the petition’s allegations;
(f) child hearsay witnesses; and
(g) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in Frye v. United States, 293 F. 1013 (D.C.Cir.1923).
(ii) Category B. All witnesses not listed in either Category A or Category C.
(iii) Category C. All witnesses who performed only ministerial functions or whom the petitioner does not intend to call at the hearing and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense.
(B) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted by him or her and also includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording. The term “statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which such reports are compiled.
(C) Any written or recorded statements and the substance of any oral statements made by the child and known to the petitioner, including a copy of any statements contained in police reports or summaries, together with the name and address of each witness to the statements.
(D) Any written or recorded statements, and the substance of any oral state- *143 merits, made by a codefendant if the hearing is to be a joint one.
(E) Those portions of recorded grand jury minutes that contain testimony of the child.
(F) Any tangible papers or objects which were obtained from or belonged to the child.
(G) Whether the petitioner has any material or information which has been provided by a confidential informant.
(H) Whether there has been any electronic surveillance, including wiretapping, of the premises of the child, or of conversations to which the child was a party, and any documents relating thereto.
(I) Whether there has been any search or seizure and any document relating thereto.
(J) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(K) Any tangible papers or objects which the petitioner intends to use in the hearing and which were not obtained from or belonged to the child.
(3) As soon as practicable after the filing of the petition, the petitioner shall disclose to the child any material information within the state’s possession or control which tends to negate the guilt of the child as to the petition’s allegations.
(4) The petitioner shall perform the foregoing obligations in any manner mutually agreeable to the petitioner and the child or as ordered by the court.
(5) Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to the child as justice may require.
(b) Required Disclosure to Petitioner.
(1) If a child elects to participate in discovery, within 5 days after receipt by the child of the discovery exhibit furnished by the petitioner under this rule, the following disclosures shall be made:
(A) The child shall furnish to the petitioner a written list of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and location of examination pursuant to the subpoena. At such examination, the child through counsel shall have the right to be present and to examine the witness. The physical presence of the child shall be governed by rule 8.060(d)(6).
(B) The child shall serve a written discovery exhibit which shall disclose to the petitioner and permit the petitioner to inspect, copy, test, and photograph the following information and material which is in the child’s possession or control:
(i) The statement of any person whom the child expects to call as a trial witness other than that of the child.
(ii) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(iii) Any tangible papers or objects which the child intends to use in the hearing.
(2) The child shall perform the foregoing obligations in any manner mutually agreeable to the child and the petitioner or as ordered by the court.
(3) The filing of a motion for protective order by the petitioner will automatically stay the times provided for in this *144 subdivision. If a protective order is granted, the child may, within 2 days thereafter, or at any time before the petitioner furnishes the information or material which is the subject of the motion for protective order, withdraw the demand and not be required to furnish reciprocal discovery.
(c) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) The following matters shall not be subject to disclosux-e:
(A) Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of their legal staff.
(B) Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or a failure to disclose the informant’s identity will infringe upon the constitutional rights of the child.
(d) Depositions.
(1) Time and Location.
(A) At any time after the filing of the petition alleging a child to be delinquent, any party may take the deposition upon oral examination of any person authorized by this rule.
(B) The-depo&ition-shall be taken -in a building where the adjudicatory-hear-ing may be- held,.sue-h other location agreed upon by the parties, or such location as the trial judge, administrative judger-or-chief judge may designate by special-or-general order. — A witness who is a resident of the state-may be required-to-attend a deposition only- in the county where the witness resides-is-regularly employed-or-reguiariy transacts business-in person.Depositions of witnesses residing in the county in which the adjudicatory hearing is to take place shall be taken in the building in which the adjudicatory hearing is to be held, another location agreed on by the parties, or a location designated by the court. Depositions of witnesses residing outside the county in which the adjudicatory hearing is to take place shall take place in a court reporter’s office in the county and state in which the witness resides, another location agreed to by the parties, or' a location designated by the court.
(2) Procedure.
(A) The party taking the deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the location of the deposition and the name of each person to be examined, and include a certificate of counsel , that a good faith effort was made to coordinate the deposition schedule.
(B) Upon application, the court or the clerk of the court may issue subpoenas for the persons whose depositions are to be taken.
(C) After notice to the parties the court, for good cause shown, may change the time or location of the deposition.
(D) In any case, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown.
(E) Except as otherwise provided by this rule, the procedure for taking the *145 deposition, including the scope of the examination and the issuance of a subpoena (except for a subpoena duces tecum) for deposition by an attorney of record in the action shall be the same as that provided in the Florida Rules of Civil Procedure.
(F) The child, without leave of court, may take the deposition of any witness listed by the petitioner as a Category A witness or listed by a codefendant as a witness to be called at a joint hearing. After receipt by the child of the discovery exhibit, the child, without leave of court, may take the deposition of any unlisted witness who may have information relevant to the petition’s allegations. The petitioner, without leave of court, may take the deposition of any witness listed by the child to be called at a hearing.
(G) No party may take the deposition of a witness listed by the petitioner as a Category B witness except upon leave of court with good cause shown. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexities of the issues involved, the complexity of the testimony of the witness (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition.
(H) A witness listed by the petitioner as a Category C witness shall not be subject to deposition unless the court determines that the witness should be listed in another category.
(I) No deposition shall be taken in a case in which a petition has been filed alleging that the child committed only a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexity of the issues involved, the complexity of the witness’s testimony (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition. However, this prohibition against the taking of depositions shall not be applicable if following the furnishing of discovery by the child the petitioner then takes the statement of a listed defense witness pursuant to section 27.04, Florida Statutes.
(3) Use of Deposition. Any deposition taken pursuant to this rule may be used at any hearing covered by these rules by any party for the purpose of impeaching the testimony of the deponent as a witness.
(4) Introduction of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the introduction of any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Sanctions. A witness who refuses to obey a duly served subpoena for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Physical Presence of Child. The child shall not be physically present at a deposition except upon stipulation of the parties or as provided by this rule.
The court may order the physical presence of the child upon a showing of good cause. In ruling, the court may consider
(A) the need for the physical presence of the child to obtain effective discovery;
(B) the intimidating effect of the child’s presence on the witness, if any;
*146 (C) any cost or inconvenience which may result; and
(D) any alternative electronic or audio-visual means available to protect the child’s ability to participate in discovery without the child’s physical presence.
(7) Statements of Law Enforcement Officers. Upon stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of deposition of the officer. In such case, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(8) Depositions of Law Enforcement Officers. Subject to the general provisions of this rule, law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the address designated by the law enforcement agency or department or, if no address has been designated, to the address of the law enforcement agency or department, 5 days prior to the date of the deposition. Law enforcement officers who fail to appear for deposition after being served notice are subject to contempt proceedings.
(9) Videotaped Depositions. Depositions of children under the age of 16 shall be videotaped upon demand of any party unless otherwise ordered by the court. The court may order videotaping of a deposition or taking of a deposition of a witness wdth fragile emotional strength to be in the presence of the trial judge or a special master.
(e) Perpetuating Testimony.
(1)After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons, and shall state that the prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending the subsequent court proceedings, or that grounds exist to believe that the witness will absent himself or herself from the jurisdiction of the court, that the testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.
(2) If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by the reporter, and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.
(3) No deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(f) Nontestimonial Discovery. After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions which are just, require:
(1) the child in all proceedings to:
(A) appear in a lineup;
*147 (B) speak for identification by a witness to an offense;
(C) be fingerprinted;
(D) pose for photographs not involving reenactment of a scene;
(E) try on articles of clothing;
(F) permit the taking of specimens of material under the fingernails;
(G) permit the taking of samples of blood, hair, and other materials of the body which involve no unreasonable intrusion thereof;
(H) provide specimens of handwriting; or
(I) submit to a reasonable physical or medical inspection of his or her body; and
(2) such other discovery as justice may require upon a showing that such would be relevant or material.
(g) Court May Alter Times. The court may alter the times for compliance with any discovery under these rules on good cause shown.
(h) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(i) Investigations Not to Be Impeded. Except as otherwise provided for matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information, except for the child, to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel’s investigation of the case.
(j) Protective Orders. Upon a showing of good cause, the court shall at any time order that specified disclosures be restricted, deferred, or exempted from discovery, that certain matters are not to be inquired into or that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, including prohibiting the taking of a deposition. All material and information to which a party is entitled, however, must be disclosed in time to permit such party to make beneficial use of it.
(k) Motion to Terminate or Limit Examination. At any time during the taking of a deposition, on motion of a party or of the deponent, and upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may (1) terminate the deposition, (2) limit the scope and manner of the taking of the deposition, (3) limit the time of the deposition, (4) continue the deposition to a later time, (5) order the deposition to be taken in open court and, in addition, (6) may impose any sanction authorized by this rule. If the order terminates the deposition, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.
*148 (l) In Camera and Ex Parte Proceedings.
(1) Any person may move for an order denying or regulating disclosure of sensitive matters. The court may consider the matters contained in the motion in camera.
(2) Upon request, the court shall allow the child to make an ex parte showing of good cause for taking the deposition of a Category B witness.
(3) A record shall be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
(m) Sanctions.
(1) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) grant a mistrial;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel or a party not represented by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel or a party not represented by counsel to
appropriate sanction by the court. The sanctions may include, but are not limited to, contempt proceedings against the attorney or party not represented by counsel, as well as the assessment of costs incurred by the opposing party, when appropriate.
Court Commentary
1996 Amendment. This amendment generally conforms the rule to the 1996 amendment to Florida Rule of Criminal Procedure 3.220.
RULE 8.070. ARRAIGNMENTS
Prior to the adjudicatory hearing, the court may conduct a hearing to determine whether a guilty, nolo contendere, or not guilty plea to the petition shall be entered and whether the child is represented by counsel or entitled to appointed counsel as provided by law. If a plea of guilty or nolo contendere is entered, the court shall proceed as set forth under rule 8.116, disposition hearings. If a plea of not guilty is entered, the court shall set an adjudicatory hearing within the period of time provided by law and appoint counsel when required. If the child is represented by counsel, counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived.
Committee Notes
1991 Adoption. This rule creates an arraignment proceeding that is referred to in section 39.044(-7-)985.215(7), Florida Statutes.
RULE 8.085. PREHEARING MOTIONS AND SERVICE
(a) Prehearing Motions.
(1) Motions in General. Every motion made before a hearing and any pleading in response to the motion shall be in writing and shall be signed by the party making the motion and the party’s attorney. This requirement may be waived by the court for good cause shown.
*149 (2) Motion to Dismiss. All defenses not raised by a plea of not guilty or denial of the allegations of the petition shall be made by a motion to dismiss the petition. If a motion to dismiss is granted, the child who is detained under an order entered under rule 8.013 may be continued in detention under the said order upon the representation that a new or amended petition will be filed.
(3) Motion to Suppress. Any confession or admission obtained illegally or any evidence obtained by an unlawful search and seizure may be suppressed on motion by the child.
(A) Every motion to suppress shall clearly state the particular evidence sought to be suppressed, the reason for the suppression, and a general statement of the facts on which the motion is based.
(B) Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the moving party shall present evidence in support thereof and the state may offer rebuttal evidence.
(4) Motion to Sever. A motion may be made for the severance of 2 or more counts in a multi-count petition, or for the severance of the cases of 2 or more children to be adjudicated in the same hearing. The court may grant motions for severance of counts and severance of jointly brought cases for good cause shown.
(5) Time for Filing. Any motion to suppress, sever, or dismiss shall be made prior to the date of the adjudicatory hearing unless an opportunity to make such motion previously did not exist or the party making the motion was not aware of the grounds for the motion.
(6) Sworn Motions to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the child. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the child. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The state may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the state in a traverse. The court, in its discretion, may receive evidence on any issue of fact necessary to decide the motion. The motion shall be dismissed if the state files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss. Any demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon *150 mailing. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or the party;
(B) leaving it at the attorney’s office, with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is closed or the person to serve has no office, leaving it at his or her usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the court may permit the papers to be filed with the court in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
“I 4e-eertify that a_copy-(/ copies-) hereof-has/have been furnished to (here insert name or names) by (delivery) (mail) (fax) this.day-of-19:.. .on (date).
Title”
the certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law.
(6)People Who May Certify Service. Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, court, or authorized agent of the Department of Juvenile Justice in the form provided in subdivision (5).
(c) Time for Service of Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(d) Additional Time aAfter Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper and the notice or paper is served by mail, 5 days shall be added to the prescribed period.
(e) Pleading to Be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by such attorney, whose address and telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law -in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit.
(f) Pleading to Be Signed by Unrepresented Party. A party who has no attorney but represents himself or herself shall sign the written pleading or other paper to be filed and state his or her address and telephone number, including area code.
(g) Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paper or pleading has been read; that to the best of the person’s *151 knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
Committee Notes
1991 Amendment, (a)(6) This creates a procedure for dismissal similar to Florida Rule of Criminal Procedure 3.190(c)(4).
1992 Amendments, (d) Rules 8.240(c)(2) and 8.630(c)(2) allow 5 days for service by mail. This change conforms this rule.
(f) The current rule implies that a written pleading must be filed. No written pleadings are required.
(e) and (g) The language from (e) was moved to create this new subdivision. The current rule applies only to attorneys. These requirements also should apply to nonattorneys who sign and file papers. This rule conforms with proposed revisions to rules 8.230 and 8.640.
RULE 8.095. PROCEDURE WHEN CHILD BELIEVED TO BE INCOMPETENT OR INSANE
(a) Incompetency At Time of Adjudicatory Hearing or Hearing on Petition Alleging Violation of Community- Gon-troUuvenile Probation in Delinquency Cases.

(1)Motion.

(A) A written motion for examination of the child made by counsel for the child shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the child is incompetent to proceed. To the extent that it does not invade the lawyer-client privilege, the motion shall contain a recital of the specific observations of and conversations with the child that have formed the basis for the motion.
(B) A written motion for examination of the child made by counsel for the state shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe the child is incompetent to proceed and shall include a recital of the specific facts that have formed the basis for the motion, including a recitation of the observations of and statements of the child that have caused the state to file the motion.
(2) Setting Hearing. If at any time prior to or during the adjudicatory hearing or hearing on a violation of community CQBteoijuvenile probation the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court on its own motion or motion of counsel for the child or the state shall immediately stay the proceedings and fix a time for a hearing for the determination of the child’s mental condition.
(3) Child Found Competent to Proceed. If at the hearing provided for in subdivision (a)(2) the child is found to be competent to proceed with an adjudicatory hearing, the court shall enter an order so finding and proceed accordingly.
(4) Child Found Incompetent to Proceed. If at the hearing provided for in subdivision (a)(2) the child is found to be incompetent to proceed, the child must be adjudicated incompetent to proceed and may be involuntarily committed as provided by law to the Department of Health and RehabhifativeChildren and Family Services for treatment upon a finding of clear and convincing evidence that:
(A) The child is mentally ill or mentally retarded and because of the mental illness or retardation of the child:
*152 (i) the child is manifestly incapable of surviving with the help of willing and responsible family or friends, including available alternative services, and without treatment the child is likely to either suffer from neglect or refuse to care for himself or herself, and such neglect or refusal poses a real and present threat of substantial harm to the child’s well-being; or
(ii) there is a substantial likelihood that in the near future the child will inflict serious bodily harm on himself or herself or others, as evidenced by recent behavior causing, attempting, or threatening such harm; and
(B) All available less restrictive treatment alternatives, including treatment in community residential facilities or community inpatient settings which would offer an opportunity for improvement of the child’s condition are inappropriate.
(5)Hearing on Competency. Not later than 6 months after the date of commitment, or at the end of any period of extended treatment or training, or at any time the service provider determines the child has attained competency or no longer meets the criteria for commitment, the service provider must file a report with the court and all parties. Upon receipt of this report, the court shall set a hearing to determine the child’s competency.
(A) If the court determines that the child continues to remain incompetent, the court shall order appropriate nondelin-quent hospitalization or treatment in conformity with this rule and the applicable provisions of chapter 39985, Florida Statutes.
(B) If the court determines the child to be competent, it shall enter an order so finding and proceed accordingly.
(6) Commitment. Each child who has been adjudicated incompetent to proceed and who meets the criteria for commitment in subdivision (a)(4) must be committed to the Department of Health and Re-habilitativeChildren and Family Services. The department may retain, and if it does retain-must train or treaty the child in the least restrictive alternative consistent with public safety. Any commitment of a child to a secure residential program must be to a program separate from an-adult forensic programs. If the child attains competency, case management and supervision of the child will be transferred to the Department of Juvenile Justice to continue delinquency proceedings. The court retains authority, however, to order the Department of H-ealtin-and-^ehablMtativeChildren and Family Services to provide continued treatment to maintain competency.
(A) A child adjudicated incompetent because of mental retardation may be ordered into a program designated by the Department of Health and ■Rehabilitative-Children and Famhy-g&gvices-for- retarded children.
(B) A child adjudicated incompetent because of mental illness may be ordered is tointo a program designated by the Department of Health and Rehabihtative-Children and-Family Services-for-mentally ill children.
(7) Continuing Jurisdiction and Dismissal of Jurisdiction.
(A) If a child is determined to be incompetent to proceed, the court shall retain jurisdiction of the child for up to 2 years after the date of the order of incompetency, with reviews at least every 6 months to determine competency. If the court determines at any time that the child will never become competent to proceed, the court may dismiss the delinquency petition or petition alleging violation of com-
*153 (B) If, at the end of the 2-year period following the date of the order of incompetency, the child has not attained competency and there is no evidence that the child will attain competency within a year, the court must dismiss the delinquency petition.
(C) If necessary, the court may order that proceedings under chapter 393 or 394, Florida Statutes, be instituted. Such proceedings must be instituted no less than 60 days before the dismissal of the delinquency petition. The juvenile court may conduct all proceedings and make all determinations under chapter 393 or 394, Florida Statutes.
(8) Treatment Alternatives to Commitment. If a child who is found to be incompetent does not meet the commitment criteria of subdivision (a)(4), the court mayshall order the Department of ■Health — and—RehabilitativeChildren and Family Services to provide appropriate treatment and training in the community. All court-ordered treatment must be in the least restrictive setting consistent with public safety. Any residential program must be separate from an adult forensic program. If a child is ordered to receive such services, the services shall be provided by the Department of Hea-l-th-a-nd-Reha-bilitativeChildren and Family Services. The Department of-Juvenile-Justtee-shall continue to provide case-managemen-t-ser-vices to the child and- receive-notice of the competency status of the-child. The competency determination must be reviewed at least every 6 months, or at the end of any extended period of treatment or training, and any time the child appears to have attained competency or will never attain competency, by the service providerF-and a._A copy of a written report evaluating the child’s competency must be filed by the provider with the court, the Department of ■Health — and—RehabilitativeChildren and Family Services, the Department of Juvenile Justice, the state, and counsel for the child.
(9) Speedy Trial Tolled. Upon the filing of a motion by the child’s counsel alleging the child to be incompetent to proceed or upon an order of the court finding a child incompetent to proceed, speedy trial shall be tolled until a subsequent finding of the court that the child is competent to proceed. Proceedings under this subdivision initiated by the court on its own motion or the state’s motion may toll the speedy trial period pursuant to rule 8.090(e).
(b) Insanity at Time of Delinquent Act or Violation of Community Control-Juvenile Probation.
(1) If the child named in the petition intends to plead insanity as a defense, the child shall advise the court in writing not less than 10 days before the adjudicatory hearing and shall provide the court with a statement of particulars showing as nearly as possible the nature of the insanity expected to be proved and the names and addresses of witnesses expected to prove it. Upon the filing of this statement, on motion of the state, or on its own motion, the court may cause the child to be examined in accordance with the procedures in this rule.
(2) The court, upon good cause shown and in its discretion, may waive these requirements and permit the introduction of the defense, or may continue the hearing for the purpose of an examination in accordance with the procedures in this rule. A continuance granted for this purpose will toll the speedy trial rule and the limitation on detention pending adjudication.
(c) Appointment of Expert Witnesses; Detention of Child for Examination.
*154 (1) When a question has been raised concerning the sanity or competency of the child named in the petition and the court has set the matter for an adjudicatory hearing, hearing on violation of community eonteoljuvenile probation, or a hearing to determine the mental condition of the child, the court may on its own motion, and shall on motion of the state or the child, appoint no more than 3, nor fewer than 2, disinterested qualified experts to examine the child as to competency or sanity of the child at the time of the commission of the alleged delinquent act or violation of eom-munity— eontroljuvenile probation. Attorneys for the state and the child may be present at the examination. An examination regarding sanity should take place at the same time as the examination into the competence of the child to proceed, if the issue of competency has been raised. Other competent evidence may be introduced at the hearing. The appointment of experts by the court shall not preclude the state or the child from calling other expert witnesses to testify at the adjudicatory hearing, hearing on violation of community eontroljuvenile probation, or at the hearing to determine the mental condition of the child.
(2) The court only as provided by general law may order the child held in detention pending examination. This rule shall in no way be construed to add any detention powers not provided by statute or case law.
(3) When counsel for a child adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the child may be incompetent to proceed or may have been insane at the time of the alleged delinquent act or community controljuven-ile probation violation, counsel may so inform the court. The court shall appoint 1 expert to examine the child to assist in the preparation of the defense. The expert shall report only to counsel for the child, and all matters related to the expert shall be deemed to fall under the lawyer-client privilege.
(4)For competency evaluations related to mental retardation, the court shall order the Developmental Services Program Office of the Department of -Health and — RehabilitativeChildren and Family Services to examine the child to determine if the child meets the definition of retardation in section 393.063, Florida Statutes, and, if so, whether the child is competent to proceed or amenable to treatment through the Department of Health — and vices retardation services or programs.
(d) Competence to Proceed; Scope of Examination and Report.
(1) Examination by Experts. On appointment by the court, the experts shall examine the child with respect to the issue of competence to proceed as specified by the court in its order appointing the experts.
(A) The experts first shall consider factors related to whether the child meets the criteria for competence to proceed; that is, whether the child has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and whether the child has a rational and factual understanding of the present proceedings.
(B) In considering the competence of the child to proceed, the examining experts shall consider and include in their reports the child’s capacity to:
(i) appreciate the charges or allegations against the child;
(ii) appreciate the range and nature of possible penalties that may be im *155 posed in the proceedings against the child, if applicable;
(iii) understand the adversary nature of the legal process;
(iv) disclose to counsel facts pertinent to the proceedings at issue;
(v) display appropriate courtroom behavior; and
(vi) testify relevantly.
The experts also may consider any other factors they deem to be relevant.
(C)Any report concluding that a child is not competent must include the basis for the competency determination.
(2)Treatment Recommendations. If the experts find that the child is incompetent to proceed, they shall report on any recommended treatment for the child to attain competence to proceed. A recommendation as to whether residential or nonresidential treatment or training is required must be included. In considering issues related to treatment, the experts shall report on the following:
(A) The mental illness, mental retardation, or mental age causing incompetence.
(B) The treatment or education appropriate for the mental illness or mental retardation of the child and an explanation of each of the possible treatment or education alternatives, in order of recommendation.
(C) The availability of acceptable treatment or education. If treatment or education is available in the community, the experts shall so state in the report.
(D) The likelihood of the child attaining competence under the treatment or education recommended, an assessment of the probable duration of the treatment required to restore competence, and the probability that the child will attain competence to proceed in the foreseeable future.
(E)Whether the child meets the criteria for involuntary hospitalization or involuntary admissions to residential services under chapter §9985, Florida Statutes.
(3) Insanity. If a notice of intent to rely on an insanity defense has been filed before an adjudicatory hearing or a hearing on an alleged violation of community ooatroljuvenile probation, when ordered by the court the experts shall report on the issue of the child’s sanity at the time of the delinquent act or violation of community eoatreljuvenile probation.
(4) Written Findings of Experts. Any written report submitted by the experts shall:
(A) identify the specific matters referred for evaluation;
(B) describe the procedures, techniques, and tests used in the examination and the purposes of each;
(C) state the expert’s clinical observations, findings, and opinions on each issue referred for evaluation by the court and indicate specifically those issues, if any, on which the- expert could not give an opinion; and
(D) identify the sources of information used by the expert and present the factual basis for the expert’s clinical findings and opinions.
(5) Limited Use of Competency Evidence.
(A) The information contained in any motion by the child for determination of competency to proceed or in any report filed under this rule as it relates solely to the issues of competency to proceed and commitment, and any information elicited during a hearing on competency to proceed or commitment held under this rule, *156 shall be used only in determining the mental competency to proceed, the commitment of the child, or other treatment of the child.
(B)The child waives this provision by using the report, or any parts of it, in any proceeding for any other purpose. If so waived, the disclosure or use of the report, or any portion of it, shall be governed by the applicable rules of evidence and juvenile procedure. If a part of a report is used by the child, the state may request the production of any other portion that, in fairness, ought to be considered.
(e) Procedures After Judgment of Not Guilty by Reason of Insanity.
(1) When the child is found not guilty of the delinquent act or violation of eom-mmity-eontroljuvenile probation because of insanity, the court shall enter such a finding and judgment.
(2) After finding the child not guilty by reason of insanity, the court shall conduct a hearing to determine if the child presently meets the statutory criteria for involuntary commitment to a residential psychiatric facility.
(A) If the court determines that the required criteria have been met, the child shall be committed by the juvenile court to the Department of Health and- Rehabilita-tiveChildren and Family Services for immediate placement in a residential psychiatric facility.
(B) If the court determines that such commitment criteria have not been established, the court, after hearing, shall order that the child receive recommended and appropriate treatment at an outpatient facility or service.
(C) If the court determines that treatment is not needed, it shall discharge the child.
(D) Commitment to a residential psychiatric facility of a child adjudged not guilty by reason of insanity shall be governed by the provisions of chapters 39985 or 394, Florida Statutes, except that requests for discharge or continued involuntary hospitalization of the child shall be directed to the court that committed the child.
(E) If a child is not committed to a residential psychiatric facility and has been ordered to receive appropriate treatment at an outpatient facility or service and it appears during the course of the ordered treatment
(i) that treatment is not being provided or that the child now meets the criteria for hospitalization, the court shall conduct a hearing pursuant to subdivision (e)(2) of this rule.
(ii) that the child no longer requires treatment at an outpatient facility or service, the court shall enter an order discharging the child.
(F) During the time the child is receiving treatment, either by hospitalization or through an outpatient facility or service, any party may request the court to conduct a hearing to determine the nature, quality, and need for continued treatment. The hearing shall be conducted in conformity with subdivision (e)(2) of this rule.
(G) No later than 30 days before reaching age 19, a child still under supervision of the court under this rule shall be afforded a hearing. At the hearing, a determination shall be made as to the need for continued hospitalization or treatment. If the court determines that continued care is appropriate, proceedings shall be initiated under chapter 394, Florida Stat *157 utes. If the court determines further care to be unnecessary, the court shall discharge the child.
RULE 8.115. DISPOSITION HEARING
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the disposi-tional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure. The child, the child’s attorney, aed-the child’s parent or custodian, and the state attorney shall be entitled to disclosure of all information in the predisposition report and all reports and evaluations used by the department in the preparation of the report.
(c) Disposition Order. The disposition order shall be prepared and distributed by the clerk of the court. Copies shall be provided to the child, defense attorney, state attorney, and department representative. Each case requires a separate disposition order. The order shall:
(1) state the name and age of the child;
(2) state the disposition of each count, specifying the charge title, degree of offense, and maximum penalty defined by statute;
(3) state general and specific conditions or sanctions;
(4) make all findings of fact required by law;
(5) state the date and time when issued and the county and court where issued; and
(6) be signed by the court with the title of office.
(ed) Fingerprints. The child’s fingerprints shall be affixed to the order of disposition.
(d) -Procedure for Placement as Serious oi-Habitual Offender,
(1) If the state elects • to-proeeed under this subdivision, it shall file-a-petition -to^eek serious or habitual-juvenile offender — placement as provided by -law.
(2)-The petition-sha-U be in writing and shall state the reasons-why the child should-be-placed as a^erious or habitual juvenile offender. — A copy of the petition shall-be-served upon the child, the ■child’s attorney,-and a representative of the Department of Juvenile Justice.
(3)-The child shall-not be placed as a serious or habitual juvenile offender unless the-ehild is adjudicated delinquent, is committed-to the department, and-meets the criteria- as prescribed-by law. — The court shall not make a determination of the-c-hikfeplacement as a serious or habitual juvenile-offender without allowing-reasonable time for preparation of a response on behalf of-the child.
* Committee Notes
1991 Amendment. (c) Section 39.052(3-)(e)5985.23(3)(e), Florida Statutes, requires the court to fingerprint any child who is adjudicated or has adjudication withheld for a felony. This rule extends this requirement to all dispositions. Sentencing guidelines include scorable points for misdemeanor offenses as well as for felonies. This procedure also should assist in identifying juveniles who use false *158 names and birthdates, which can result in the arrest of an innocent child whose name was used by the offender.
(d-)-Sec-tion 39.058, Florida-Statutes, creates-procedures to have a- child placed in a serious or- habitual juvenile offender program. — This- section allows for filing of a petition, service¡' and a-reasonable time for preparation of a response-on behalf of the chilcb
RULE 8.120. POST-DISPOSITION HEARING
(a) Revocation of Community Con-troljuvenile Probation.
(1) A child who has been placed on community controljuvenile probation may be brought before the court upon allegations of violation(s).
(2)‘Any proceeding alleging a violation shall be initiated by the filing of a sworn affidavit of the material facts supporting the allegation(s). The affidavit shall be executed by the child’s community or other person having actual knowledge of the facts. Copies of the affidavit shall be provided to the court, the state attorney, and the Department of Juvenile Justice.
(3) When revocation proceedings are sought by the state attorney or the Department of Juvenile Justice, the proceedings shall be initiated by the filing of a petition alleging violation of community controljuvenile probation. The petition shall incorporate and reference the affidavit described in subdivision (a)(2). All such petitions must be signed and filed by legal counsel.
(4) The court may initiate revocation proceedings by the entry of an order initiating revocation proceedings. The order must incorporate and reference the affidavit described in subdivision (a)(2).
(5)All interested persons, including the child, shall have an opportunity to be heard. After such hearing, the court shall enter an order revoking, modifying, terminating, or continuing community controlju-venile probation. Upon the revocation of community controljuvenile probation, the court shall, when the child has been placed on community--controljuvenile probation and adjudication has been withheld, adjudicate the child delinquent. In all cases after a revocation of community controlju-venile probation, the court shall enter a new disposition order.
(b) Retention of Authority over Discharge. When the court has retained authority over discharge of a delinquent child from placement or commitment as provided by law, prior to any discharge from placement or commitment, the Department of Juvenile Justice shall notify the court, the state attorney, the victim of the offense or offenses for which the child was placed under supervision of the department, and the child of its intention to discharge the child. Thereafter, any interested party may request a hearing, within the time prescribed by law, to address the discharge.
RULE 8.185. COMMUNITY ARBITRATION
(a) Referral. A case may be referred to community arbitration as provided by law. The chief judge of each judicial circuit shall maintain a list of qualified persons who have agreed to serve as community arbitrators for the purpose of carrying out the provisions of chapter 39, Florida Statutes.
(b) Arbitrator Qualifications. Each community arbitrator or member of a community arbitration panel shall be selected pursuant to law and shall meet the following minimum qualification and training requirements:
(1) Be at least 18 years of age.
*159 (2) Be a person of the temperament necessary to deal properly with cases involving children and with the family crises likely to be presented.
(3) Pass a law enforcement records check and an-SRSDepartment of Children and Family Services abuse registry background check, as determined by the written guidelines developed by the chief judge of the circuit, the senior circuit court judge assigned to juvenile cases in the circuit, and the state attorney.
(4) Observe a minimum of 3 community arbitration hearings conducted by an approved arbitrator in a juvenile case.
(5) Conduct at least 1 juvenile community arbitration hearing under the personal observation of an approved community arbitrator.
(6) Successfully complete a training program consisting of not less than 8 hours of instruction including, but not limited to, instruction in:
(A) conflict resolution;
(B) juvenile delinquency law;
(C) child psychology; and
(D) availability of community resources.
The chief judge of the circuit, the senior circuit judge assigned to juvenile cases in the circuit, and the state attorney shall develop specific written guidelines for the training program and may specify additional qualifications as necessary.
Committee Notes
1992 Adoption. This rule provides qualification and training requirements for arbitrators as required by section 394)28985.304(3), Florida Statutes. It was the committee’s intention to set minimal qualifications and to allow local programs to determine additional requirements.
RULE 8.205. TRANSFER OF CASES
(a) Transfer of Cases Within Circuit Court. If it should appear at any time in a proceeding initiated in a division other than the juvenile-division of the circuit court assigned to handle dependency matters that facts are alleged that essentially constitute a dependency or the termination of parental rights, the court may upon consultation with the administrative judge assigned to juvenlledependency cases order the transfer of action and the transmittal of all relevant papers to the j-uvenile-division assigned to handle dependency matters. The juvenile division assigned to handle dependency matters shall then assume jurisdiction only over matters pertaining to dependency, custody, visitation, and child support.
(b) Transfer of Cases Within the State of Florida. The court may transfer any case after adjudication, when adjudication is withheld, when a stipulation under rule 8.325(d)-has been-accepted-or before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit as the court may determine to be for the best interest of the child and to promote the efficient administration of justice. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing all parties, the clerk, and the state attorney ofattorney’s office handling dependency matters for the state in the receiving court a copy of the order of transfer within 5 days. The clerk shall also transmit a certified copy of the file to the receiving court within 5 days.
(c) Transfer of Cases Among States. If it should appear at any time that an action is pending in another state, the court may transfer jurisdiction over the action to a more convenient forum state, *160 may stay the proceedings, or may dismiss the action.
Committee Notes
1992 Amendment. Plans under rule 8.327 were deleted in the 1991 revision to the rules, but are being reinstated as “stipulations” in the 1992 revisions. This change corrects the cross-reference.
RULE 8.210. PARTIES AND PARTICIPANTS
(a) Parties. For the purpose of these rules the terms “party” and “parties” shall include the petitioner, the child, the parents) of the child, the department, and the guardian ad litem or the representative of the guardian ad litem program, when the program has been appointed.
(b) Additional Participants. “Participant” means any person who is not a party but who should receive notice of hearings involving the child. Participants include foster parents or the legal custodian of the child, identified prospective parents, actual custodians of the child, grandparents entitled to priority for adoption consideration as provided by law, the state attorney, and any other person whose participation may be in the best interest of the child. The court may add additional participants. Participants may be granted leave by the court to be heard without the necessity of filing a motion to intervene.
(c) Parent or Legal Custodian. For the purposes of these rules, when the phrase “parent(s) or legal custodian(s)” is used, it refers to the rights or responsibilities of the parent and, only if there is no living parent with intact parental rights, to the rights or responsibilities of the legal custodian who has assumed the role of the parent.
Committee Notes
1991 Amendment, (b) This section provides a mechanism to allow the Department of Health and Rehabilitative Services or the state attorney to become parties on notice to all other parties and the court.
1992 Amendment. Subdivision (b) allows additional parties, which should fall within the definition of “parties.” Sections 39.405(4)(b) and 39.437(4)(b), Florida Statutes, require service of summons upon the “actual custodians.” The result of the present rule is that in many instances relatives become parties. In almost all termination of parental rights cases, the foster parents would become parties. If custodians should be parties in a particular case, rule 8.210(b) would allow them to be parties.
RULE 8.215. GUARDIAN AD LITEM
(a) Request. At any stage of the proceedings, any party may request or the court may appoint a guardian ad litem to represent any child alleged to be dependent.
(b) Appointment. The court shall appoint a guardian ad litem to represent the child in any proceeding as required by law and shall ascertain at each stage of the proceeding whether a guardian ad litem should be appointed if one has not yet been appointed.
(c) Duties and Responsibilities. The guardian ad litem shall be an-attorney, a responsible adult, who may or may not be an attorney, or a certified guardian ad litem program, and shall have the following responsibilities:
(1) To investigategather information concerning the allegations of the petition and any subsequent matters arising in the case and, unless excused by the court, to file a written report. This report shall include a summary of the guardian ad litem’s findings, a statement of the wishes of the child, and the recommendations of the guardian ad litem and shall be provided to all parties and the court at least 4872 *161 hours prior tobefore the hearing for which the report is prepared.
(2) To be present at all court hearings unless excused by the court.
(3) To represent the interests of the child until the jurisdiction of the court over the child terminates, or until excused by the court.
(4) To perform such other duties and undertake such other responsibilities as
the court may directas are consistent with the scope of the appointment.
(d) Bond. A guardian ad litem shall not be required to post bond but shall file an acceptance of the office.
(e) Service. A guardian ad litem shall be entitled to receive service of pleadings and papers as provided by rule 8.225.
(f) Practice of Law by Lay Guardians. The duties of lay guardians shall not include the practice of law.
(g) Substitution or Discharge. The court, on its own motion or that of any party, including the child, may substitute or discharge the guardian ad litem for reasonable cause.
Committee Notes
1991 Amendment, (c)(1) This section allows a report to be submitted before any hearing, not only the disposition hearing.
RULE 8.224. PERMANENT MAILING ADDRESS
(a) Designation. On the first appearance before the court, each party shall provide a permanent mailing address to the court. The court shall advise each party that this address will be used by the court, the petitioner, and other parties for notice unless and until the party notifies the court and the petitioner, in writing, of a new address.
(b) Effect of Filing. On the filing of a permanent address designation with the court, the party then has an affirmative duty to keep the court and the petitioner informed of any address change. Any address change must be filed with the court as an amendment to the permanent address designation.
(c) Service to Permanent Mailing Address. Service of any summons, notice, pleadings, subpoenas, or other papers to the permanent mailing address on file with the court will be presumed to be appropriate service.
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a dependency petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified not less than 72 hours after service of the summons. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party or the petitioner, the clerk--shall issue, and the court on its-o-wn motion-may issue,-subpoenas requMng-attendance and testimony of witnesses-and production of records, documents, and other tangible-objects at any hearing-Subpoenas for testimony before the court, for production of tangible evidence, and for taking depositions shall be issued by the clerk of the court, the court on its own motion, or any attorney of record for a party. Subpoenas may be served within the state by any person over 18 years of age who is not a party to the proceeding. In dependency and termination of parental rights proceedings, subpoenas also may be served by authorized agents of the department or the guardian ad litem.
*162 (3) Service of Summons and Other Process to Persons Residing in the State. The summons and other process shall be served upon all parties other than the petitioner as required by law. The summons may be served by authorized agents of the department or the guardian ad li-tem.
(A) Service by publication shall not be required for dependency hearings and shall be required only for service of summons in a termination of parental rights proceeding for parents whose identities are known but whose whereabouts cannot be determined despite a diligent search. Service by publication in these circumstances shall be considered valid service.
(B) The failure to serve a party or give notice to a participant in a dependency hearing shall not affect the validity of an order of adjudication or disposition if the court finds that the petitioner has completed a diligent search for that party.
(C) Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person.
(4) Service of Summons and Other Process to Persons Residing Outside of the State in Dependency Proceedings.
(A)Service of the summons and other process on parents, parties, participants, petitioners, or persons outside this state shall be in a manner reasonably calculated to give actual notice, and may be made:
(i) by personal delivery outside this state in a manner prescribed for service of process within this state;
(ii) in a manner prescribed by the law of the place in which service is made for service of process in that place in an action in any of its courts of general jurisdiction;
(iii) by any form of mail addressed to the person to be served and requesting a receipt; or
(iv) as directed by the court. Service by publication shall not be required for dependency hearings.
(B) Notice under this rule shall be served, mailed, delivered, or published at least 20 days before any hearing in this state.
(C) Proof of service outside this state may be made by affidavit of the person who made the service or in the manner prescribed by the law of this state, the order pursuant to which the service is made, or the law of the place in which the service is made. If service is made by mail, proof may be in a receipt signed by the addressee or other evidence of delivery to the addressee.
(D) Personal appearance of any person in a hearing before the court eliminates the requirement for serving process upon that person.
(b) Paternity Inquiry and Diligent Search.
(1) Identity Unknown. If the identity of a parent is unknown, and a petition for dependency, shelter care, or termination of parental rights is filed, the court shall conduct the inquiry required by law. The information required by law may be submitted to the court in the form of a sworn affidavit executed by a person having personal knowledge of the facts.
(12) Identity — or Residence Location Unknown. If the identity or-residencelo-cation of a parent or legal custodian — is unknown and that parent has not filed a permanent address designation with the court, the petitioner or the department *163 shall undertake a diligent search as required by law.
(23) Affidavit of Diligent Search. If the identity or residencelocation of a parent or legal- custodian is unknown after the diligent search has been completed, the petitioner or department shall file with the court an affidavit of diligent search executed by the person who made the search and inquiry.
(34) Continuing Duty. After filing an affidavit of diligent search in a dependency or termination of parental rights proceeding, the petitioner, and, if the court requires, the department, are under a continuing duty to search for and attempt to serve the parent whose identity or residen-celocation is unknown until excused from further diligent search by the court. The petitioner or the department shall report on the results of the continuing search at each court hearing until the person is iden■tified-&F-located or until further search is excused by the court.
(d) Court Inquiry-. — I-f-the identity or location of-a- parent is unknown, and a petition for-dependency or shelter care is filed, the court shall conduct- an inquinas required by-law. — The ■■■■■information — required by-law may be submitted to the court ■or-to-the department-in the form-of-a sworn affidavit executed by a person, having personal-knowledge of the facts.
(5) Effect of Paternity Inquiry and Diligent Search.
(A) Failure to serve parents whose identity or residence is unknown shall not affect the validity of an order of adjudication or disposition if the court finds the petitioner has completed a diligent search.
(B) If the court inquiry, diligent search, or continuing searc-h fails to identify any person as a parent or prospective parent, the court shall so find and may proceed without further notice.
(C)If the inquiry, diligent search, or subsequent search identifies and locates any person aswho may be a parent or prospective parent, the court shall require notice of the hearing to be provided to that person. That person must then be given an opportunity to become a party to the proceedings by completing a sworn affidavit of parenthood and filing it with the court or the department.
(c) Notice and Service of Pleadings and Papers.
(1) Notice of Arraignment Hearings in Dependency Cases. Notice of the arraignment hearing must be served on all parties with the summons and petition. The document containing the notice to respond or-appear in a dependency arraignment hearing must contain, in type at least as large as the balance of the document, the following or substantially similar language: “FAILURE TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).”
(2) Notice of Assessment of Child Support. Other than as part of a disposition order, if the court, on it own motion or at the request of any party, seeks to impose or enforce a child support obligation on any parent, all parties and participants are entitled to reasonable notice that child support will be addressed at a future hearing.
(23) Notice of Hearings to Participants and Parties Whose Identity or Address Are Known. All participants and parties whose identity and address are *164 known must be notified of all proceedings and hearings subsequent to the initial hearing, ua-less-the hearing is a proper ex parte hearingunless otherwise provided by law. Notice to parents in proceedings involving shelter hearings and hearings resulting from medical emergencies must be that which is most likely to result in actual notice, and, if the parents are outside the state, in the manner prescribed by this rule. It is the duty of the petitioner or moving party to notify all participants and parties known to the petitioner or moving party of all hearings subsequent to the initial hearing, except hearings which must be noticed by the court. Additional notice is not required if notice was provided to the parties in writing by the court or is contained in prior court orders and those orders were provided to the participant or party.
(34) Service of Pleadings, Orders, and Papers. Unless the court orders otherwise, every pleading, order, and paper filed in the action after the initial petition, shall be served on each party or the party’s attorney. Nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(45) Method of Service. When service is required or permitted to be made upon a party or participant represented by an attorney, service shall be made upon the attorney unless service upon the party or participant is ordered by the court.
(A) Service is excused if the identity or residence of the party or participant is unknown and a diligent search for that person has been completed in accordance with law.
(B) Service upon the attorney shall be made by delivering a copy to the attorney or by mailing it to the attorney’s last known address.
(C) Delivery of a copy within this rule shall mean:
(i) handing it to the attorney;
(ii) leaving it at the attorney’s office with the person in charge thereof; or
(iii) if there is no one in charge of the office, leaving it a conspicuous place therein.
(D) If the party or participant is not represented by an attorney, service of all pleadings or papers shall be upon the party or participant. Service may be made by mail to the party’s or participant’s permanent mailing address, if one has been provided to the court; to the last known address, if a permanent mailing address has not been provided to the court; or by leaving it at their usual place of abode with some person of their family above 15 years of age and informing such person of the contents.
(E) Service by mail shall be complete upon mailing.
(56) Filing. The filing of pleadings and other papers with the court as required by these rules shall be made by filing the original with the clerk of the court either before service or immediately thereafter. The court may permit the papers to be filed with it, in which event the filing date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(57) Certificate of Service. When any authorized person shall in substance certify:
“I 4e-eertify that a (copy-4 — / (copies-) faereofhas/ have been furnished to (insert names or names) by (delivery) (mail) (fax) this — —day—ef—., -19- — -=.. on (date).
*165 Title”
this certificate shall be taken as prima facie proof of such service in compliance with all rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
RULE -8,227,-PERMANENT MAILING ADDRESS
Upon the first appearance before the court, ■ each ■ party-■shall-proyide-a-psema-nent-«-ailing-address to the court. — The court-shall advise each party that this address will be used by the court -and- the petitioner for -notice- purposes- u-nless-and until the party notifies the court and the petitioner in writing of a new address.-
Committee Note
1994 Adoption, This rule is not-intended to-alter-provisions that allow service on a parfcy-thro-ugh-that-parhy^s-attor-ne-y,
RULE 8.230. PLEADINGS TO BE SIGNED
(a) Pleading to Be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by such attorney, whose Florida Bar number, address, and telephone number, including area code, shall be stated and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit.
(b) Pleading to Be Signed by Unrepresented Party. A party who has no attorney but who represents himself or herself shall sign a written pleading or other paper to be filed and state his or her address and telephone number, including area code.
(c)Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paper or pleading has been read; that to the best of the person’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been servedfiled.
Committee Notes
1991 Amendment. The current rule implies that a written pleading must be filed. No written pleadings are required.
1992 Amendments, (a) and (c) The language from (a) was moved to create this new subdivision. The current rule only applies to attorneys. These requirements also should apply to nonattorneys who sign and file papers. This change conforms to proposed changes for rules 8.085 and 8.640.
RULE 8.235. MOTIONS
(a) Motions in General. An application to the court for an order shall be made by motion which shall be in writing unless made during a hearing; shall be signed by the party making the motion or by the party’s attorney; shall state with particularity the grounds therefor; and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion or in a- written report to the court for a scheduled hearing provided the notice or report are served on the parties as required by law.
(b) Motion to Dismiss. Any party may file a motion to dismiss any petition or other pleading, setting forth the grounds on which the motion is based. If a motion *166 to dismiss is granted where a child is being sheltered under an order, the child may be continued in shelter under previous order of the court upon the representation that a new or amended petition will be filed.
(c) Sworn Motion to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss the petition on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of dependency. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the party. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The opposing parties may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the party. The motion shall be denied if the party files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss.
(d) Motion to Sever. A motion may be made for a severance of 2 or more counts of a multi-count petition, or for the severance of the cases of 2 or more children alleged to be dependent in the same petition. The court may grant motions for severance of jointly-brought cases for good cause shown.
Committee Notes
1992 Amendment. This rule allows any party to move for dismissal based on the grounds that there are no material facts in dispute and that these facts are not legally sufficient to prove dependency.
RULE 8.240. COMPUTATION AND ENLARGEMENT OF TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, except rules 8.300 and 8.305, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day which- is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation.
(b) Enlargement of Time. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown and within the limits established by law may, at any.time, in its discretion (1) with or without notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for new trial, a motion for rehearing,, vacation of judgment, or for taking an appeal. This rule shall not be construed to apply to shelter hearings.
(c) Time for Service.
(1) Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(2) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper is *167 served by mail, 5 days shall be added to the prescribed period.
RULE 8.245. DISCOVERY
(a) Scope of Discovery. Unless otherwise limited by the court in accordance with these rules, the scope of discovery is as follows:
(1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the hearing if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
(2) Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and describe the nature of the document, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will allow other parties to assess the applicability of the privilege or protection.
(ab) Required Disclosure.
(1) At any time after the filing of a shelter petition, or petition alleging a child to be a dependent child, or a petition for termination of parental rights, on written demand of any party, the party to whom the demand is directed shall disclose and permit inspecting, copying, testing, or photographing matters material to the cause. If the child had no living parent with intact parental rights at the time the dependency allegations arose, then the person who was serving as the legal custodian of the child at that time is entitled to obtain discovery during the pendency of a shelter or dependency petition.
(2) The following information shall be disclosed by any party upon demand:
(A) The names and addresses of all persons known to have information relevant to the proof or defense of the petition’s allegations.
(B) The statement of any person furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted or approved by the person, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the state and recorded contemporaneously with the making of such oral statement. The court may prohibit any party from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(C) Any written or recorded statement and the substance of any oral statement made by the demanding party or a person alleged to be involved in the same transaction. If the number of oral statements made to any person are so numerous that, as a practical matter, it would be impossible to list the substance of all the oral statements, then the party to whom the demand is directed will disclose that person’s identity and the fact that this person has knowledge of numerous statements. This disclosure will allow the demanding party to depose that person.
*168 (D) Tangible papers or objects belonging to the demanding party which are to be used at the adjudicatory hearing.
(E) Reports or statements of experts, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(3) The disclosures required by subdivision (a) of this rule shall be made within 5 days from the receipt of the demand therefor. Disclosure may be made by allowing the requesting party to review the files of the party from whom discovery is requested after redaction of nondiscovera-ble information.
(fee) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the parties’ attorneys or members of their legal staff.
(d) Production of Documents and Things for Inspection and Other Purposes.
(1) Request; Scope. Any party may request any other party
(A) to produce and permit the party making the request, or someone acting on the requesting party’s behalf, to inspect and copy any designated documents, including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of subdivision (a) and that are in the possession, custody, or control of the party to whom the request is directed; and
(B) to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of subdivision (a) and that are in the possession, custody, or control of the party to whom the request is directed.
(2) Procedure. Without leave of court the request may be served on the petitioner after commencement of proceedings and on any other party with or after service of the summons and initial petition on that party. The request shall set forth the items to be inspected, either by individual item or category, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed shall serve a written response within 15 days after service of the request, except that a respondent may serve a response within 30 days after service of the process and initial pleading on that respondent. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If an objection is made to part of an item or category, the part shall be specified. When producing documents, the producing party shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request. The party submitting the
*169 request may move for an order under subdivision (k) concerning any objection, failure to respond to the request, or any part of it, or failure to permit inspection as requested.
(3) Persons Not Parties. This rule does not preclude an independent action against a person not a party for production of documents and things.
(4) Filing of Documents. Unless required by the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed when they should be considered by the court in determining a matter pending before the court.
(e) Production of Documents and Things Without Deposition.
(1) Request; Scope. A party may seek inspection and copying of any documents or things within the scope of subdivision (d)(1) from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things.
(2) Procedure. A party desiring production under this rule shall serve notice on every other party of the intent to serve a subpoena under this rule at least 5 days before the subpoena is issued if service is by delivery and 10 days before the subpoena is issued if service is by mail. The proposed subpoena shall be attached to the notice and shall state the time, place, and method for production of the documents or things, and the name and address of the person who is to produce the documents or things, if known, and if not known, a general description sufficient to identify the person or the particular class or group to which the person belongs; shall include a designation of the items to be produced; and shall state that the person who will be asked to produce the documents or things has the right to object to the production under this rule and that the person will not be required to surrender the documents or things. A copy of the notice and proposed subpoena shall not be furnished to the person on whom the subpoena is to be served. If any party serves an objection to production under this rule within 10 days of service of the notice, the documents or things shall not be produced under this rule and relief may be obtained under subdivision (g).
(3)Subpoena. If no objection is made by a party under subdivision (e)(2), an attorney of record in the action may issue a subpoena or the party desiring production shall deliver to the clerk for issuance a subpoena together with a certificate of counsel or pro se party that no timely objection has been received from any party, and the clerk shall issue the subpoena and deliver it to the party desiring production. The subpoena shall be identical to the copy attached to the notice and shall specify that no testimony may be taken and shall require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver or mail legible copies of the documents or things to the party serving the subpoena. The person upon whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena shall require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. If the person upon whom the subpoena is served objects at any time before the production of the documents or *170 things, the documents or things shall not be produced under this rule, and relief may be obtained under subdivision (g).
(4) Copies Furnished. If the subpoena is complied with by delivery or mailing of copies as provided in subdivision (e)(3), the party receiving the copies shall furnish a legible copy of each item furnished to any other party who requests it upon the payment of the reasonable cost of preparing the copies.
(5) Independent Action. This rule does not affect the right of any party to bring an independent action for production of documents and things.
(f) Protective Orders. On motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following:
(1) that the discovery not be had;
(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;
(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition after being sealed be opened only by order of the court;
(7) that confidential research or information not be disclosed or be disclosed ■only in a designated way; and
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery.
(eg) Depositions.
(1) Time and Place.
(A) At any time after-the filing of the petition alleging a child to be dependent or a petition for termination of parental rights, any party may take the deposition upon oral examination of any person who may have information relevant to the allegations of the petition.
(B) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county wherein he or she resides, is employed, or regularly transacts business in person.
(2) Procedure.
(A) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(B) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(C) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the place of taking.
*171 (D) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination and obtaining protective orders, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Use of Deposition. Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the following purposes:
(A) For the purpose of impeaching the testimony of the deponent as a witness.
(B) For testimonial evidence, when the deponent, whether or not a party, is unavailable to testify because of one or more of the following reasons:
(i) He or she is dead.
(ii) He or she is at a greater distance than 100 miles from the place of hearing or is out of the state unless it appears that the absence of the witness was procured by the party offering the deposition.
(iii) The party offering the deposition has been unable to procure the attendance of the witness by subpoena.
(iv) He or she is unable to attend or testify because of age, illness, infirmity, or imprisonment.
(v) It has been shown on application and notice that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(vi) The witness is an expert or skilled witness.
(4) Use of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the party to introduce any other part that in fairness ought to be eonsid-ered with the part introduced, and any party may introduce any other parts.
(5) Refusal to Obey Subpoena. A person who refuses to obey a subpoena served upon the person for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Limitations on Use. Except as provided in subdivision (3), no deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(4h) Perpetuating Testimony Before Action or Pending Appeal.
(1) Before Action.
(A) Petition. A person who desires to perpetuate the person’s own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show:
(i) that the petitioner expects to be a party to an action cognizable in a court of Florida, but is presently unable to bring it or cause it to be brought;
(ii) the subject matter of the expected action and the person’s interest therein;
(iii) the facts which the person desires to establish by the proposed testi-' mony and the reasons for desiring to perpetuate it;
(iv) the names or a description of the persons expected to be adverse parties *172 and their names and addresses so far as known; and
(v) the names and addresses of the persons to be examined and the substance of the testimony expected to be elicited from each and asking for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
(B) Notice and Service. The petitioner shall thereafter serve a notice on each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place therein for an order described in the petition. At least 20 days before the date of the hearing, the notice shall be served either within or without the county in the manner provided by law for serving of summons but if such service cannot with due diligence be made on any expected adverse party named in the petition, the court may make an order for service by publication or otherwise and shall appoint an attorney for persons not served in the manner provided by law for service of summons who shall represent them and, if they are not otherwise represented, shall cross-examine the deponent.
(C) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the deposition shall be taken on oral examination or written interrogatories. The deposition may then be taken in accordance with these rules and the court may make orders in accordance with the requirements of these rules. For the purpose of applying these rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such deposition was filed.
(D) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules, it may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with the provisions of subdivision (eg)(3).
(2) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action were pending in the court. The motion shall show the names and addresses of persons to be examined and the substance of the testimony expected to be elicited from each and the reasons for perpetuating the testimony. If the court finds that the perpetuation is proper to avoid a failure or delay in justice, it may make orders of the character provided for by this rule and thereupon the deposition may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.
(3) Perpetuation Action. This rule does not limit the power of a court to entertain an action to perpetuate testimony.
(ei) Rules Governing Depositions of Children Under 16.
*173 (1) The taking of a deposition of a child witness or victim under the age of 16 may be limited or precluded by the court for good cause shown.
(2) The court after proper notice to all parties and an evidentiary hearing, based on good cause shown, may set conditions for the deposition of a child under the age of 16 including:
(A) designating the place of the deposition;
(B) designating the length of time of the deposition;
(C) permitting or prohibiting the attendance of any person at the deposition;
(D) requiring the submission of questions before the examination;
(E) choosing a skilled interviewer to pose the questions;
(F) limiting the number or scope of the questions to be asked; or
(G) any other conditions the court feels are necessary for the protection of the child.
(3) Good cause is shown based on, but not limited to, one or more of the following considerations:
(A) The age of the child.
(B) The nature of the allegations.
(C) The relationship between the child victim and the alleged abuser.
(D) The child has undergone previous interviews for the purposes of criminal or civil proceedings that were recorded either by videotape or some other manner of recording and the requesting party has access to the recording.
(E) The examination would adversely affect the child.
(F)The manifest best interests of the child require the limitations or restrictions.
(4)The court, in its discretion, may order the consolidation of the taking of depositions of a child under the age of 16 when the child is the victim or witness in a pending proceeding arising from similar facts or circumstances.
(fj) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(gk) Sanctions.
(1) If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) order a new hearing;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanction by the court.
*174 Committee Notes
1991 Amendment, (a)(1) Termination of parental rights proceedings have been added to discovery procedures.
RULE 8.250. EXAMINATIONS, EVALUATION, AND TREATMENT
(a) Child. Mental or physical examination of a child may be obtained as provided by law.
(b) Parent, GuardianLegal Custodian, or Other Person Requesting Custody. At any time after the filing of a shelter, dependency, or termination of parental rights petition, when the mental or physical condition, including the blood group, of a parent, caregiver-legal custodian, or other person requesting custody of a child is in controversy, any party may request the court to order the person to submit to a physical or mental examination by a qualified professional. The order may be made only on good cause shown and after notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The person whose examination is sought may, after receiving notice of the request for an examination, request a hearing seeking to quash the request. The court may, on its own motion, order a parent, guardian-legal custodian, or other person requesting custody to undergo such evaluation, treatment, or counseling activities as authorized by law.
Committee Notes
1991 Amendment. This rule allows any party to request an evaluation but provides a mechanism for a hearing to quash the request.
RULE 8.255. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The department must be represented by an attorney at every stage of these proceedings.
(b) Presence of Child. The child has a right to be present at the hearing unless the court finds that the child’s mental or physical condition or age is such that a court appearance is not in the best interest of the child. Any party may file a motion to require or excuse the presence of the child.
(c) Separate Examinations. The child and the parents, caregivers, or legal custodians of the child may be examined separately and apart from each other.
(d) Examination of Child; Special Protections.
(1) Testimony by Child. A child may be called to testify in open court by any party to the proceeding, or the court, and may be examined or cross-examined.
(2) Inr-Cmnera Examination.
(A) Upon motion and hearing, the child may be examined by the court outside the presence of other parties as provided by law. The court shall assure that proceedings are recorded, unless otherwise stipulated by the parties.
(B) The motion may be filed by any party or the trial court on its own motion.
(C) The court shall make specific written findings of fact, on the record, as to the basis for its ruling. These findings may include but are not limited to:
(i) the age of the child;
(ii) the nature of the allegation;
(iii) the relationship between the child and the alleged abuser;
(iv) the likelihood that the child would suffer emotional or mental harm if required to testify in open court;
*175 (v) whether the child’s testimony is more likely to be truthful if given outside the presence of other parties;
(vi) whether cross-examination would adversely affect the child; and
(vii) the manifest best interest of the child.
(D) The child may be called to testify by means of closed-circuit television or by videotaping as provided by law.
(e) Invoking the Rule. Prior to the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(f) Continuances. As permitted by law, tThe court may grant a continuance before or during a hearing for good cause shown by any party.
(g) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
(h) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(i) Masters. Pursuant to Florida Rule of Civil Procedure 1.490, both general and special masters may be appointed to hear issues involved in proceedings under this part.
Committee Notes
1991 Amendment, (b) This change allows a child to be present instead of mandating the child’s presence when the child’s presence would not be in his or her best interest. The court is given the discretion to determine the need for the child to be present.
1992 Amendment. This change was made to reflect a moderated standard for in-camera examination of a child less rigid than the criminal law standard adopted by the committee in the 1991 rule revisions. RULE 8.260. ORDERS
(a) General Requirements. All orders of the court shall be reduced to writing as soon after they are entered as is consistent with orderly procedure and shall contain specific findings of fact and conclusions of law.
(b) Transmittal to Parties. A copy of all orders shall be transmitted by the court or under its direction to all parties at the time of entry of the order.
(c) Other Options. The court may require
(1) that orders be prepared by a par-ki
(2) that the party serve the order; and
(3) on a casé-by-case basis, that proposed orders be furnished to all parties before entry of the order by the court.
(d) Precedence of Orders. Orders of the circuit court hearing dependency matters shall be filed in any dissolution or other custody action or proceeding involving the same child. These orders shall take precedence over other custody and visitation orders. They may be filed under seal and not be open to inspection by the public.
RULE 8.290. DEPENDENCY MEDIATION
(a) Definitions. The following definitions apply to this rule:
(1) “Dependency matters” means proceedings arising under Chapter 39, Florida Statutes.
*176 (2) “Dependency mediation” means mediation of dependency matters.
(3) “Mediation” means a process whereby a neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties. It is an informal and nonad-versarial process with the objective of helping the disputing parties reach a mutually acceptable and voluntary agreement. In mediation, decision-making authority rests with the parties. The role of the mediator includes, but is not limited to, assisting the parties in identifying issues, fostering joint problem-solving, and exploring settlement alternatives.
(b) Applicability. This rule applies only to mediation of dependency matters.
(c) Compliance with Statutory Time Requirements. Dependency mediation shall be conducted in compliance with the statutory time requirements for dependency matters unless waived by all parties and approved by the court.
(d) Referral. Except as provided by this rule, all matters and issues described in subsection (a)(1) may be referred to mediation. All referrals to mediation shall be in written form, shall advise the parties of their right to counsel, and shall set a date for hearing before the court to review the progress of the mediation. The mediator or mediation program shall be appointed by the court or stipulated to by the parties. In the event the court refers the matter to mediation, the mediation order shall address all applicable provisions of this rule. The mediation order shall be served on all parties and on counsel pursuant to the provisions of the Florida Rules of Juvenile Procedure.
(e) Appointment of the Mediator.
(1) Court Appointment. The court, in the order of referral to mediation, shall appoint a certified dependency mediator selected by rotation or by such other procedures as may be adopted by administrative order of the chief judge in the circuit in which the action is pending.
(2) Party Stipulation. Within tenlO days of the filing of the order of referral to mediation, the parties may agree upon a stipulation with the court designating:
(A) another certified dependency mediator of-dependency matters to replace the one selected by the judge; or
(B) a mediator who does not meet the certification requirements of these rules but who, in the opinion of the parties and upon review by the presiding judge, is otherwise qualified by training or experience to mediate all or some of the issues in the particular case.
(f) Fees. Dependency mediation referrals may be made to a mediator or mediation program which charges a fee. Any order of referral to a mediator or mediation program charging a fee shall advise the parties that they may timely object to mediation on grounds of financial hardship. Upon the objection of a party or the court’s own motion, the court may, after considering the objecting party’s ability to pay and any other pertinent information, reduce or eliminate the fee.
(g) Objection to Mediation. Within 10 days of the filing of the order of referral to mediation, any party or participant ordered to mediation may make a written objection to the court about the order of referral if good cause for such objection exists. If a party objects, mediation shall not be conducted until the court rules on the objection.
(h) Scheduling. The mediation conference may be held at any stage of the proceedings. Unless otherwise scheduled by the court, the mediator or the media *177 tion program shall schedule the mediation conference.
(i) Disqualification of the Mediator. Any party may move to enter an order disqualifying a mediator for good cause. If the court rules that a mediator is disqualified from mediating a case, an order shall be entered setting forth the name of a qualified replacement. Nothing in this provision shall preclude mediators from disqualifying themselves or refusing any assignment.
(j) Substitute Mediator. If a mediator agreed upon by the parties or appointed by a court cannot serve, a substitute mediator can be agreed upon or appointed in the same manner as the original mediator. A mediator shall not mediate a case assigned to another mediator without the agreement of the parties or approval of the court. A substitute mediator shall have the same qualifications as the original mediator.
(k) Discovery. Unless stipulated by the parties or ordered by the court, the mediation process shall not suspend discovery.
(l) Appearances.
(1) Order Naming or Prohibiting Attendance of Parties. The court shall enter an order naming the parties and the participants who must appear at the mediation and any parties or participants who are prohibited from attending the mediation. Additional participants may be included by court order or by mutual agreement of all parties.
(2) Physical Presence of Adult Parties and Participants. Unless otherwise agreed to by the parties or ordered by the court, any party or participant ordered to mediation shall be physically present at the mediation conference. Persons representing an agency, department, or program must have full authority to enter into an agreement which shall be binding on that agency, department, or program. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of any party or participant ordered to mediation.
(3) Appearance of Counsel. In the discretion of the mediator, and with the agreement of the attending parties, dependency mediation may proceed in the absence of counsel unless otherwise ordered by the court.
(4) Appearance of Child. The court may prohibit the child from appearing at mediation upon determining that such appearance is not in the best interest of the child. No minor child shall be required to appear at mediation unless the court has previously determined by written order that it is in the child’s best interest to be physically present. The court shall specify in the written order of referral to mediation any special protections necessary for the child’s appearance.
(5) Sanctions for Failure to Appear. If a party or participant ordered to mediation fails to appear at a duly-noticed mediation conference without good cause, the court, upon motion of any party or on its own motion, may impose sanctions. Sanctions against the party or participant failing to appear may include one or more of the following: contempt of court, an award of mediator fees, an award of attorney fees, an award of costs, or other remedies as deemed appropriate by the court.
(m) Caucus with Parties and Participants. During the mediation session, the mediator may meet and consult privately with any party, participant, or counsel.
(n) Continuances. The mediator may end the mediation session at any time and may set new times for reconvening the mediation. No further notification shall be *178 required for parties or participants present at the mediation session.
(o) Report on Mediation.
(1) If agreement is reached as to all or part of any matter or issue, including legal or factual issues to be determined by the court, such agreement shall be immediately reduced to writing, signed by the attending parties, and promptly submitted to the court by the mediator with copies to all parties and counsel.
(2) If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of an agreement to the court without comment or recommendation.
(p) Court Hearing and Order Upon Mediated Agreement. Upon receipt of a full or partial mediation agreement, the court shall hold a hearing and enter an order accepting or rejecting the agreement consistent with the best interest of the child. The court may modify the terms of the agreement with the consent of all parties to the agreement.
(q) Imposition of Sanctions Upon Breach of Agreement. In the event of any breach or failure to perform under the court-approved agreement, the court, upon a motion of any party or upon its own motion, may impose sanctions. The sanctions may include contempt of court, vacating the agreement, imposition of costs and attorney fees, or any other remedy as deemed appropriate by the court.
Committee Notes
1997 Adoption. In considering the provision regarding the appearance of the child found in subsection (J)(4), the Supreme Court Mediation and Arbitration Rules Committee considered issues concerning the child’s right to participate and be heard in mediation and the need to protect the child from participating in proceedings when such participation would not be in the best interest of the child. The Committee has addressed only the issue of mandating participation of the child in mediation. In circumstances where the court has not mandated that the child appear in mediation, the Committee believes that, in the absence of an order prohibiting the child from mediation, the participation of the child in mediation will be determined by the parties.
Whenever the court, pursuant to subdivision (p) determines whether to accept, reject, or modify the mediation agreement, the Committee believes that the court shall act in accordance with the confidentiality requirements of chapter 44, Florida Statutes.
RULE 8.300. TAKING INTO CUSTODY
(a) Affidavit. An affidavit or verified petition may be filed by any person alleging facts under existing law sufficient to establish grounds to take a child into custody. The affidavit or verified petition shall:
(1) be in writing and signed;
(2) specify the name, address, date of birth, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court; and
(4) state the reasons why the child is beingshould be taken into custody.
(b) Criteria for Order. The court may issue an order to take a child into custody based on sworn testimony meeting the criteria set forth in subdivision (a).
(c) Order. The order to take into custody shall:
(1) be in writing and signed;
*179 (2) specify the name, address, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court;
(4) state the reasons why the child is beingshould be taken into custody;
(5) order that the child be detained in a suitable place pending a detentionshelter hearing as provided by law; and
(6) state the date when issued, and the county and court where issued.
RULE 8.305. SHELTER PETITION, HEARING, AND ORDER
(a) Shelter Petition. If a child has been or is to be removed from the home and maintained in an out-of-home placement for a period longer than 24 hours, the person requesting placement shall file a written petition which shall:
(1) specify the name, address, date of birth, and sex of the child or, if unknown, designate the child by any name or description by which he or she can be identified with reasonable certainty;
(2) specify the name and address, if known, of the child’s parents or legal custodian and how each was notified of the shelter hearing;
(3) if the child has been removed from the home, state the date and time of the removal;
(4) specify that the child is of an age subject to the jurisdiction of the court;
(5) state the reasons why the child needs to be placed in a shelter;
(6) list the reasonable efforts, if any, that were made by the department to prevent or eliminate the need for the removal or continued removal of the child from the home* or, iif no such efforts were made, a description of the emergency which existed that prevented these efforts;
(7) recommend where the child is to be placed or the agency to be responsible for placement; and
(8) be signed by the petitioner and, if represented by counsel, by the petitioner’s attorney.
(b) Shelter Hearing.
(1) The parents or legal custodians of the child, or the legal-eustodians-of--the child -if there is. no living parent with intact parental rights, shall be given actual notice of the date, time, and location of the shelter hearing. If the parents are outside the jurisdiction of the court, are not known, cannot be located, or refuse or evade service, they shall be given such notice as best ensures their actual knowledge of the date, time, and location of the shelter hearing. If the parents or legal custodians are not present at the hearing, the person providing, or attempting to provide, notice to the parents or legal custodians shall advise the court in person or by sworn affidavit of the attempts made to provide notice and the results of those attempts.
(2) The court shall conduct an informal hearing on the petition within the time limits as provided by law. The court shall determine at the hearing the existence of probable cause to believe the child is dependent and whether the other criteria provided by law for placement in a shelter have been met. The shelter hearing may be continued for up to 72 hours with the child remaining in shelter care if:
(A) the parents or legal custodians appear for the shelter hearing without legal counsel and request a continuance in order to consult with legal counsel; or
(B) the court determines that additional time is necessary to obtain and review documents pertaining to the family in *180 order to appropriately determine the risk to the child.
(3) The issue of probable cause shall be determined in a nonadversary manner, applying the standard of proof necessary for an arrest warrant.
(4) At the hearing all interested persons present shall have an opportunity to be heard and present evidence on the criteria for placement as provided by law.
(5) The court may base its determination on sworn complaint, testimony, or affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(6) The court shall advise the parent or legal custodian of:
(A) the right to be represented by counsel as provided by law;
(B) the reason for the child being in custody and why continued placement is requested;
(C) the right to present placement alternatives; and
(D) the time, date, and location of the next hearing and of the importance of the parents’ or legal custodians’ active participation in subsequent proceedings and hearings.
(7) The court shall appoint:
(A) a guardian ad litem to represent the child unless the court finds such representation is unnecessary; and
(B) an attorney for indigent parents unless waived by the parent.
(8) The court shall determine visitation rights absent a clear and convincing showing that visitation is not in the best interest of the child.
(9)If the shelter hearing is conducted by a judge other than the juvenile court judge, the juvenile court judge shall hold a shelter review on the status of the child within tw©2 working days after the shelter hearing.
(c) Shelter Order. The order must identify the parties present at the hearing and contain written findings that:.
(1) placement in shelter care is necessary based on the criteria provided by law;
(2) placement in shelter care is in the best interest of the child(ren);
(3) continuation of the ehild(ren) in the home is contrary to the welfare of the child(ren) because the home situation presents a substantial and immediate danger to the child(ren)’s physical, mental, or emotional health or safety that cannot be mitigated by the provision of preventive services;
(4) there is probable caqse to believe the ehild(ren) is/are dependent;
(5) the department has made reasonable efforts to prevent or eliminate the need for removal of the children) from the home;
(6) the court notified the parents or legal custodians of the subsequent dependency .proceedings, — including—scheduled hearingstime, date, and location of the next dependency hearing, and of the importance of their active participation in thoseall subsequent proceedings and hearings; and
(7) the court notified the parents or legal custodians of their right to counsel as provided by law.
(d) Release from Shelter Care. No child shall be released from shelter care after a shelter order has been entered except on order of the court unless the shelter order authorized release by the department.
*181 RULE 8.310. DEPENDENCY PETITIONS
(a) Contents.
(1) A dependency petition may be filed as provided by law. Each petition shall be entitled a petition for dependency and shall allege sufficient facts showing the child to be dependent based upon applicable law.
(2) The petition shall contain allegations as to the identity and residence of the parents or legal custodians, if known.
(3) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(4) Two or more allegations of dependency may appear in the same petition, in separate counts. The petition need not contain allegations of acts or omissions by both parents.
(5) The petition must describe what voluntary services and/or dependency rne-diation the parents or legal custodians were offered and the outcome of each.
(b) Verification. The petition shall be signed stating under oath the signer’s good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time prior to the conclusion of an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion; however, after a written answer or plan has been filed, amendments shall be permitted only with the permission of the court, unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of counts. • If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, parent, or legal custodian and prejudice any of them in the preparation of a defense, the petitioner may be required to furnish a more definite statement.
(e) Voluntary Dismissal. The petitioner without leave of the court, at any time prior to entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice requesting dismissal on all parties, or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 4872 hours.
Committee Notes
1991 Amendment, (c) The time limit for amending a petition has been extended to be consistent with civil pleading procedures. The best interest of the child requires liberal amendments. The procedures for determining if a party has been prejudiced have not been changed.
(e) This section has been reworded to provide a procedure for notice to all parties before dismissal and to allow adoption of a petition by another party.
RULE 8.315. ARRAIGNMENTS AND PREHEARING CONFERENCES
(a) Arraignment. Prior to the adjudicatory hearing, the court shall conduct a hearing to determine whether an admission, consent,, or denial to the petition shall be entered, and whether the parties are represented by counsel or are entitled to *182 appointed counsel as provided by law. If an admission or consent is entered, the court shall proceed-as set forth in rule &§4Qschedule a disposition hearing to be conducted within 15 days. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance as provided by law and appoint counsel when required.
(b) Withdrawal of Plea. The court may for good cause, at any time prior to the beginning of a disposition hearing permit an admission of the allegations of the petition or a consent to dependency to be withdrawn and, if an adjudication has been entered thereon, set aside such adjudication. In a subsequent adjudicatory hearing the court shall disregard an admission or consent that has been withdrawn.
(c) Prehearing Conference. Prior to any adjudicatory hearing the court may set or the parties may request that a pre-hearing conference be held to determine the order in which each party may present witnesses or evidence and the order in which cross-examination and argument shall occur. The court may also enter findings on the record of any stipulations entered into by the parties and consider any other matters which may aid in the conduct of the adjudicatory hearing.
(d) Status Hearing. Within 60 days of the filing of the petition a status hearing shall be held with all parties present unless an adjudicatory or disposition hearing has commenced. Subsequent status hearings shall be held every 30 days thereafter unless an adjudicatory or disposition hearing has commenced.
Committee Notes
1991 Amendment, (d) This section requires a status hearing every 30 days to ensure prompt resolution of the case while preserving the rights of all parties.
RULE 8.320. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court.
(1) At each stage of the dependency proceeding the court shall advise the parent of the right to have counsel present.
(2) The court shall appoint counsel to indigent parents or others who are so entitled as provided by law, unless appointment of counsel is waived by that person.
(3) The court shall ascertain whether the right to counsel is understood.
(b) Waiver of Counsel.
(1) No waiver of counsel shall be accepted where it appears that the par-t-ypar-ent is unable to make an intelligent and understanding choice because of age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel made in court shall be of record. The court shall question the party in sufficient detail to ascertain that the waiver is made knowingly, intelligently, and voluntarily.
(3) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appeal’s without counsel.
RULE 8.330. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge, without a jury, utilizing the rules of evidence in use in civil cases. At this hearing the court shall determine whether the allegations of the dependency petition have been sustained by a preponderance of the evidence. If the court is of the opinion that the allegations are sustained by clear and convincing evidence, it may enter an order so stating.
*183 (b) Examination of Witnesses. A party may call any person as a witness. A party shall have the right to examine or cross-examine all witnesses. However, the child and the parents, caregivers, or legal custodians of the child may be examined separately and apart from each other.
(c) Presence of Parties. All parties have the right to be present at all hearings. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law. ■However, the child and the parents, caregivers, or legal custodians of the child may be--examined separately- and apart from each other. If a person appears for the arraignment hearing and the court orders that person to personally appear at the adjudicatory hearing for dependency, stating the date, time, and place of the adjudicatory hearing, then that person’s failure to appear for the scheduled adjudicatory hearing constitutes consent to a dependency adjudication.
(d) Joint and Separate Hearings. When 2 or more children are alleged to be dependent children, the hearing may be held simultaneously when the several children involved are related to each other or involved in the same case, unless the court orders separate hearings.
(e) Motion for Judgment of Dismissal. In all proceedings, if at the close of the evidence for the petitioner the court is of the opinion that the evidence is insufficient to warrant a finding of dependency, it may, and on the motion of any party shall, enter an order dismissing the petition for insufficiency of the evidence.
(f) Dismissal. If the court shall find that the allegations in the petition have not been sustained, it shall enter an order dismissing the case.
(g) Findings and Orders. In all cases in which dependency is established, the court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
Committee Notes
1991 Amendment, (a) This change gives the court the option of making a finding based on a higher burden of proof to eliminate the need for a repetitive hearing on the same evidence if a termination of parental rights petition is filed.
RULE 8.340. DISPOSITION HEARINGS
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the disposi-tional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law, and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or his or her parent, caregiver, or legal custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall be entitled to disclosure of all information in all reports submitted to the court.
(c) Orders of Disposition. The court shall in its written order of disposition include:
(1) the placement or custody of the child;
*184 (2) special conditions of placement and visitation;
(3) evaluation, counseling, treatment activities, and other actions to be taken by the parties, wherewhen ordered;
(4) supervising or monitoring agencies, and continuation or discharge of the guardian ad litem, wherewhen appropriate;
(5) date, time, and location for subsequent case review as required by law;
(6) child support payments, if the child is in an out-of-home placement;
(7) if the child is placed in foster care, the reasons why the child was not placed in the legal custody of an adult relative, legal custodian, or other adult approved by the court;
(68) approval of the case plan or direction to amend the case plan within 30 days; and
(79) such other requirements as are deemed necessary to protect the health, safety, and well-being of the child. Committee Notes
1992 Amendment. Dismissal of a petition is not appropriate after adjudication.
RULE 8.345. POST-DISPOSITION RELIEF
(a) Motion for Modification of Placement. A child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the parent, guardian,- the department or any interested person on a motion for modification of placement. If neither the parents, the legal custodian, nor any appointed guardian ad litem or attorney ad litem object to the change, then the court may enter an order making the change in placement without a hearing. If the parents, the legal custodian, or any appointed guardian ad litem or attorney ad litem object to the change of placement, t¥he court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.
(b) Motion for Termination of Supervision or Jurisdiction. Any party requesting termination of agency supervision or the jurisdiction of the court or both shall do so by written motion or in a written report to the court. The court shall hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court shall not terminate jurisdiction unless the child is returned to the parent or is deemed by the court to have achieved permanency with a relative or other adult and the child has been in the placement for at least 6 months.
RULE 8.400. CASE PLANS
(a) Department Responsibility. At least 72 hours prior to the disposition hearing, but no later than 60 days after removal of a child from the home, the department or its agent must file with the court all case plans prepared before jurisdiction of the court attached and do one of the following:
(1) File with the court a current case plan which was prepared in conference with the parents, any court appointed guardian ad litem and, if appropriate, the child, and signed by the parties involved. Such-parties shall include but not be limited-to-the attorney- representing the-de-partmentr-the-department counselor, the
parent(s), counsel for the parent, if repre-sentedr-the guardian ad litem, and7-when appropriate, the-child-
(2) File with the court a case plan prepared without the participation of the *185 parents, if the parents are unable or unwilling to participate in the preparation of a case plan. The plan or supporting documents shall contain a full explanation of the circumstances preventing the parents from participating and the efforts made by the department to secure parental participation.
(3)Submit a motion requesting an extension of the time for filing the case plan for a period of not more than 30 days; however, this shall not preclude a party or any other agency or person participating in the preparation of the case plan from filing the motion.
(A) A copy of the motion and notice of hearing shall be served on the parties and participants involved in the preparation of the case plan.
(B) The court shall hear all parties present, in person, by counsel, or both. The department at all times, however, shall be represented by an attorney. Only one 30-day extension may be granted upon a showing of good cause. In the order granting the continuance, the court shall set a hearing for review and acceptance of the case plan.
(b) Amendments. The case plan may be amended by:
(1) the parties at any time provided agreement is unanimous by all parties, and the amendment is approved by the court; or
(2) the court upon motion of a party after notice to all other parties^; or
(3)the court.
(c) Service. Each party must be provided with a copy of the case plan at least 72 hours before the disposition hearing. If the location of a parent is unknown, this fact must be documented in writing and included in the plan.
RULE 8.410. APPROVAL OF CASE PLANS
(a) Hearing. The court shall review the contents of the case plan at the disposition hearing unless a continuance for the filing of the case plan has been granted by the court.
(b) Determinations by Court. At the hearing, the court shall determine if:
(1) The plan is consistent with the previous orders of the court placing the child in care.
(2) The plan is consistent with the requirements for the content of a case plan as provided by law.
(3) The parents were advised of their right to have counsel present at all prior hearings and the parents were advised of their right to participate in the preparation of the case plan and to have counsel or any other person assist in the preparation of the case plan.
(4) The case plan is meaningful and designed to address the facts, circumstances, and problems upon which the court based its order of dependency for the child; particularly, if the parents, caregivers, or legal custodians have the ability to perform the tasks assigned to them and .that the social service agency can provide the assistance necessary to the parents to reunite the family.
(5) The plan adequately addresses the goals and needs of the child.
(c) Amendment of Plan. After During the hearing, if the court determines that ■the requirements for the case plan have-does not been metmeet statutory-requirements and include previous court orders, it shall order. the parties to make amendments to the plan. The amended plan must be submitted to the court within 30 days for another hearing and approval. If the parties do not agree on the final terms, *186 the court shall order those conditions and tasks it believes the parents must accomplish for the return of the child. In addition, the court may order the department to provide those services necessary to assist in achieving the goal of the case plan.
(d) Entry of Findings. The court shall enter its findings with respect to the review of the case plan in writing and make specific findings on each element required by law to be included in a case plan.
(e) Review Hearing. The court will set a hearing to review the performance of the parties to the case plan no later than 90 days after the disposition hearing or the hearing in which the case plan was approved or 6 months from the date on which the child was removed from the home or 6 months from the date of the last judicial review, whichever comes first.
Committee Notes
1991 Adoption. This rule provides for judicial review of performance agreements and permanent placement plans consistent with law. It requires a hearing within 45 days, lists the criteria the court must consider in reviewing the agreement or plan, and provides procedures following the hearing.
RULE 8.415. JUDICIAL REVIEW OF DEPENDENCY CASES
(a) Required Review. All dependent children shall have their status reviewed as provided by law.
(b) Scheduling Hearings.
(1) Initial Review Hearing. The court shall determine when the first review hearing shall be held and the clerk of the court shall immediately schedule the review hearing. In no case shall the hearing be scheduled for later than 6 months from the date of removal from the home or 90 days from the disposition or case plan approval hearing, whichever comes first. In every case, the court must conduct a judicial review at least every 6 months.
(2) Subsequent Review Hearings. At each judicial review hearing, the court shall schedule the next judicial review hearing which shall be conducted within 6 months. The clerk of the court, at the judicial review hearing, shall provide the parties with written notice of the date, time, and location of the next judicial review hearing.
(c) Report. In all cases, the department or its agent shall prepare a report to the court. The report shall contain facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain information as to the identity and residence of the parent, if known, and the legal custodian, if-known, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a request for one or more of the following forms of relief:
(1) that the child^s be continued in out-of-home care placement be changed;
(2) that the -child be placed in the custody of a-parent, relativer-earegiver, or-former legal custodian willing--to care for the child;
(32) that the case plan be continued to permit the parents or social service agency time to complete the tasks assigned to them in the agreement; or
(43) that proceedings be instituted to terminate parental rights and legally free the child for adoption.
(d) Service. A copy of the report containing recommendations and, if not previously provided by the court, a notice of review hearing shall be served on all persons who are required by law to be served at least 72 hours prior to the judicial review hearing.
*187 (e) Information Available to Court. At the .judicial review hearing the court may receive any relevant and material evidence pertinent to the cause. This shall include written reports required by law and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or parent, caregiver, or legal custodian that may be obtained and that are material and relevant. This evidence may be received by the court and relied on to the extent of its probative value, even though it may not be competent in an adjudicatory hearing.
(ef) Court Action.
(1) The court shall hold a hearing to review the compliance of the parties with the case plan to determine what assigned tasks were and were not accomplished and the reasons for their nonachievement.
(2) If the court finds that the parents have substantially complied with the case plan, the court shall return the child to the custody of the parents if the court is satisfied that reunification will not be detrimental to the child’s safety, well-being, or physical, mental, or emotional health.
(3) If the court finds that the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the plan, and shall require the social service agency to show why the child could not safely be returned to the home of the parents. If the court finds that the child could not be safely returned to the parents, it shall extend the case plan for a period of not more than 6 months to allow the social service agency to comply with its obligations under the case plan.
(4) If, at any judicial review hearing, regardless of the expiration date of the case plan, the court finds that the parents have not substantially complied with the case plan to the degree that further reunification efforts are without merit, the court may order the social service agency to initiate a termination of parental rights proceeding. If the court finds that an order initiating a termination of parental rights proceeding would not be in the child’s best interests; that the parents in good faith attempted to comply with the terms of the plan but need more time to accomplish their assigned tasks and believes the parents will accomplish them; or, by clear and convincing proof, that the situation of the child is so extraordinary that the case plan should be extended, the court may extend the time limitation for the plan or modify the terms of the plan. No plan shall be extended for a period longer than 6 months. At the expiration of the extended plan, the court shall again review the child’s status.
(5) When a child is returned to the parents, the court shall not terminate its jurisdiction over the child until 6 months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether the jurisdiction should be continued or terminated; if its jurisdiction is to be terminated, it shall enter an order to that effect.
(6) When a child has not been returned to the parent but has been permanently committed to the department or to a licensed child-placing agency willing to receive the child for subsequent adoption, the court shall continue to hold judicial review hearings on the status of the child at least every 6 months until the adoption is finalized. Such hearings shall be held in accordance with these rules.
(7) The court shall enter a written order upon the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine *188 by law, aad a determination of the future course of the proceedings, and the date, time, and place of the next hearing.
(fg) Administrative Review. The department, pursuant — founder a formal agreement with the court in particular cases, may conduct administrative reviews instead of judicial reviews for children in fost&r-careout-of-home placement. Notice must be provided to all parties. An administrative review may not be substituted for the first judicial review or any subsequent 6-month review. Any party may petition the court for a judicial review as provided by law.
Committee Notes
1991 Adoption. The rule allows for certain forms of relief pertinent to foster care review. It allows the court to order commencement of a termination of parental rights proceeding if the parents are not in compliance. The court also is permitted to extend or modify the plan.
RULE 8.500. PETITION
(a) Initiation of Proceedings.
(1) All proceedings seeking the termination of parental rights to a child shall be initiated by the filing of an original petition in the pending dependency action, if any.
(2) A petition for termination of parental rights may be filed at any time by the department, the guardian ad litem, a licensed child-placing agency, or any person having knowledge of the facts. Each petition shall be entitled a petition for termination of parental rights.
(3) When provided by law, a separate petition for dependency need not be filed.
(b) Contents.
(1)The petition shall contain allegations as to the identity and residence of the parents-and-legal- custodians, if known.
(2) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(3) The petition shall include facts supporting allegations that each of the applicable statutory elements for termination of parental rights has been met.
(4) When required by law, the petition shall contain a showing that the parents were offered a case plan and did not substantially comply with it.
(5) The petition shall have a certified copy of the birth certificate of each child named in it attached unless the petitioner, after diligent search and inquiry, is unable to produce it, in which case the petition shall state the date and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(c) Verification. The petition shall be signed under oath stating the good faith of the petitioner in filing it. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(d) Amendments. At any time before the conclusion of an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion?. hHowever, after a written answer has been filed or the adjudicatory hearing has commenced, amendments shall be permitted only with the permission of the court unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance shall be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(e) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the *189 petition or of misjoinder of counts. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child-parent, or custodian and prejudice any of themhim or her in the preparation of a defense, the petitioner will be required to furnish a more definite statement.
(f) Voluntary Dismissal. The petitioner, without leave of the court, at any time before entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice of request of dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 4872 hours. Unless otherwise stated, the dismissal shall be without prejudice.
(g) Parental Consent.
(1) The parents of the child may consent to the petition for termination of parental rights at any time, in writing or orally, on the record.
(2) If, prior to the filing of the petition for termination of parental rights, the parents have consented to the termination of parental rights and executed surrenders and waivers of notice of hearing as provided by law, this shall be alleged in the petition and copies shall be attached to the petition and presented to the court.
(3) If the parents appear and enter an oral consent on the record to the termination of parental rights, the court shall determine the basis upon which a factual finding may be made and shall incorporate these findings into its order of disposition.
Committee Notes
1991 Adoption. This is an entirely new part consistent with the restructuring of chapter 39, Florida Statutes, which now contains a separate part on termination of parental rights. These rules closely track the rules in Part B., Dependency, except for areas that are significant only in termination of parental rights proceedings such as provisions for an advisory hearing within 14 days and the requirement that a petition show proof of admission or consent, if alleged.
RULE 8.505. PROCESS AND SERVICE
(a) Personal Service. Upon the filing of a petition requesting the termination of parental rights a copy of the petition and notice of the date, time, and place of the advisory hearing must be personally served on
(1) the parents;
(2) the legal custodians or caregivers of the child;
(3) if the natural parents are dead or unknown, a living relative of the child, unless upon diligent search and inquiry no relative can be found;
(4) any person who has physical custody of the child;
(5) any grandparents entitled by law to priority for adoption;
(6) any prospective parent identified by law;
(7) the guardian ad litem for the child or the representative of the guardian ad litem program, if the program has been appointed; and
(8) any other person as provided by law.
(b) Contents. The document containing the notice to respond or appear shall notify the required persons of the filing of the petition and must contain in type at least as large as the balance of the document the following or substantially similar language:
“FAILURE TO PERSONALLY APPEAR AT THE ADVISORY HEAR *190 ING CONSTITUTES CONSENT TO THE TERMINATION OF PARENTAL RIGHTS OF THIS CHILD (THESE CHILDREN). IF YOU FAIL TO APPEAR ON THE DATE AND TIME SPECIFIED, YOU MAY LOSE ALL LEGAL RIGHTS AS A PARENT TO THE CHILD OR CHILDREN NAMED IN THE PETITION ATTACHED TO THIS NOTICE.”
(c) Constructive Service. Parties upon whom personal service of process cannot be effected shall be served by publication as provided by law.
(d) Waiver of Service. Service of process may be waived, as provided by law, with regard to persons who have executed a written surrender of the child(ren) to a licensed child-placing agency or the department.
RULE 8.510. ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES
(a)Advisory Hearing.
(1) An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected.
(2) The court must:
(A) advise the parents of their right to counsel and appoint counsel in accordance with legal requirements;
(B) determine whether an admission, consent, or denial to the petition shall be entered; and
(C) appoint a guardian ad litem if one has not already been appointed.
(3) If a parent served with notice fails to appear at the advisory hearing, the court shall proceed as provided by law.
(4) If an admission or consent is entered, the court shall proceed to disposition ae-set-ferth in-these rulesalternatives as provided by law. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.
(b) Pretrial Status Conference. Not less than 10 days before the adjudicatory hearing on a petition for involuntary termination of parental rights, the court shall conduct a pretrial status conference to determine the order in which each party may present witnesses or evidence, the’order in which cross-examination and argument shall occur, and any other matters that may aid in the conduct of the adjudicatory hearing.
(c) Voluntary Terminations. An advisory hearing may not be held if a petition is filed seeking an adjudication to voluntarily terminate parental rights. Adjudicatory hearings for petitions for voluntary termination must be set within 21 days of the filing of the petition. Notice of intent to rely on this subdivision must be filed with the court as required by law.
RULE 8.520. ANSWERS AND RESPONSIVE PLEADINGS
(a) No Written Answer Required. No answer to the petition need be filed by the parent. The parent of the child may enter an oral or written answer to the petition or appear and remain silent.
(b) Plea of Denial. If the parent denies the allegations of the petition, appears and remains silent, or pleads evasively, the court shall enter a denial and shall set the case for an adjudicatory hearing.
(e)Plea of Admission or Consent. If the parent appears and enters a plea of admission or consent to the termination of parental rights, the court shall determine that the admission or consent is made voluntarily and with a full understanding
*191 of the nature of the allegations and the possible consequences of the plea and that the parent-or custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order of adjudicationdisposition, in addition to findings of fact specifying the act or acts causing the termination of parental rights.
(d) Failure to Appear, — If the parent fails to personally appear at the advisory hearing, after proper notice, the failure to personally-appear shall -constitute consent for the termination of parental rights-by the person failing to personally appear despite-being given notice.
RULE 8.600.
Committee Notes
1991 Adoption. This is-a-n-entirely hbow part consistent 'with the- restructuring of Chapter 39; Florida Statutes, which now contains a-separate part on Families and Children in Need of Services. — The 4an-guage is taken from Part B., Dependency, except in areas significant-only to CIN-S/ FINS-.- ■ In rule 8.625 language was added to-require the- child’s presence at the hearing-because the child is-the-focal point-of the hearing. — I-n rule 8r680;-discovery — is allowed only on order of the court because these cases-often do not produce discoverable material,
RULE 8.610. PARTIES
(a) Definitions. For the purposes of these rules the terms “party” and “parties” shall include the petitioner, the child, the parent, the guardian ad litem where appointed, the custodian, and every person upon whom service of summons is required by law.
(b) Other Parties. The state attorney’s office, the Department of -Health and-Re-habilitativeChildren and Family Services, or the Department of Juvenile Justice may become a party upon notice to all other parties and the court. The court may add additional parties.
RULE 8.625. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The Department of Health and RehabilitativoChildren and Family Services or the Department of Juvenile Justice must be represented by an attorney at every stage of these proceedings when such department is a party.
(b) Presence of Child. The child shall be present unless the child’s presence is waived. If the child is present at the beginning of a hearing and during the progress of the hearing voluntarily absents himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(c) In Camera Proceedings. The child may be examined by the court outside the presence of other parties under circumstances as provided by the-law. The court shall assure that the proceedings are recorded unless otherwise stipulated by the parties.
(d) Invoking the Rule. Before the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(e) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(f) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court-approved stenogra *192 pher, or a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
(g) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(h) Masters. Pursuant to the Florida Rules of Civil Procedure, both general and special masters may be appointed to hear issues involved in proceedings under this part.
RULE 8.635. PROCESS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than 24 hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This subdivision shall not in any way limit the state attorney’s power to issue subpoenas.
(3) Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known, the clerk shall give them notice of the proceedings by mail. Service of process may be waived. Authorized agents of the Department of Juvenile Justice may also serve summons and other process upon such persons and in such manner as required by law.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoenas be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party’s last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A) handing it to the attorney or the party;
(B) leaving it at the attorney’s office with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is closed or the person to serve has no office, leaving it at the party’s usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon *193 parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by fifing them with the clerk of court except that the court may permit the papers to be filed with it in which event the fifing date shall be noted thereon and they shall be transmitted to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
“I do — certify that a (copy-) — / (copies-) faereofhas/have been furnished to (here insert name or names) by (delivery) (mail) (fax) this — ^ .. day of .... — - 19.... on (date).
Title”
this certificate shall be taken as prima facie proof of such service in compliance with the rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.
RULE 8.655. SHELTER PETITION, HEARING, AND ORDER
(a) Shelter Petition. If a child is to be placed in a shelter after being taken into custody for a period longer than 24 hours, the person requesting placement shall file a written petition which shall:
(1) specify the name, address, and sex of the child or, if unknown, designate the child by any name or description by which the child can be identified with reasonable certainty;
(2) specify that the child is of an age subject to the jurisdiction of the court;
(8) state the reasons why the child needs to be placed in a shelter;
(4) recommend where the child is to be placed or the agency to be responsible for plaeement;-ae4
(5) be signed by the attorney for the petitioner; and
(6) include a certificate of service to all parties and their attorneys of record.
(b) Shelter Hearing.
(1) An authorized agent-of the depart-mentThe petitioner shall make a diligent effort to notify the parent or custodian of the child of-the hearing by the-most expeditious method availableand shall notify his or her attorney of record of the date, time, and place of the hearing. The petitioner shall fist all parties notified of the hearing on the certificate of service on the shelter petition.
(2) The court shall conduct an informal hearing on the petition within the time period provided by law. The court shall determine at the hearing whether the criteria provided by law for placement in a shelter have been met.
(8) At the hearing all interested persons present shall have an opportunity to be heard on the criteria for placement as provided by law.
(4) The court may base its determination on a sworn complaint, testimony, or affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(5) The court shall advise the parties of:
(A) their right to be represented by counsel as provided by law;
(B) the reason for the child being in custody and why continued placement is requested; and
(C) their right to present placement alternatives.
*194 (c) Shelter Order.
CC-The order shall be in writing and shall:
(Al) state the name, age, and sex of the child and, if the child’s age is unknown, that the child is believed to be of an age which makes him or her subject to the jurisdiction of the court;
(B2) include findings as provided by law;
(€3) designate the place where the child is to be placed or the person or agency that will be responsible for this placement along with any special conditions found to be necessary;
(B4) state the date and time where issued;-a«4
(E5) indicate when the child shall be released from the shelter or set a review of shelter hearing within the time limits provided by law; and
(6) include a certificate of service to all parties and their attorneys of record.
(d) Release From Shelter Care. No child shall be released from shelter after a shelter order has been entered except on order of the court unless the shelter order authorizes release by the department. RULE 8.690. DISPOSITION HEARINGS
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the disposi-tional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law and may include evaluations of the child or the parent or custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall be entitled to disclosure of all information in all reports submitted to the court.
(c) Orders of Disposition. The court shall in its written order of disposition include:
(1) the placement or custody of the child;
(2) special conditions of placement and visitation;
(3) evaluation, counseling, treatment activities, and other actions to be taken by the parties where ordered;
(4) supervising or monitoring agencies and continuation or discharge of the guardian ad litem, wherewhen appropriate;
(5) the period of time or date for subsequent case review wherewhen required bylaw; and
(6) such other requirements deemed necessary to protect the health, safety, and well-being of the child.
(d) Foster CareOut-of-Home Placement. If the court places the child in foster careout-of-home placement, subsequent proceedings shall be governed by part IIGD of these rules.
RULE 8.695. POSTDISPOSITION RELIEF
(a) Modification of Placement. A child who has been placed in the child’s own home, in the home of a relative, or in some other place under the supervision of the Bdepartmenb of Health-aad Rehabilitative Sendees may be brought before the court by the parent, guardian, or any interested person on a motion for modification of placement. Upon notice to all parties, the court shall conduct a hearing and enter an order changing the placement, modifying the conditions of placement, *195 continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.
(b) Motion for Termination of Supervision or Jurisdiction. Any party requesting termination of agency supervision or the jurisdiction of the court, or both, shall do so by motion. The court shall hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court shall not terminate jurisdiction unless the child is returned to the parent or placed with a legal guardian.
RULE 8.710. PARTIES
(a) Definitions. For the purpose of these rules the terms “party” and “parties” shall include the petitioner, the child, the parent, the guardian ad litem where appointed, the custodian, and every person upon whom service of summons is required by law.
(b) Other Parties. The state attorney’s office or the Department of Health -and Rehabilitative ServicesChildren and Family Services may become a party upon notice to all other parties and notice to the court. The court may add additional parties.
FORM 8.902. VERIFICATION
STATE OF FLORIDA
COUNTY OF.
Before.me, the undersigned authority, personally appeared .... (name)...., who, being sworn, says the .... (document).... is filed in good faith and on information, knowledge, and belief is true.
Sworn to and subscribed before me this.... — day—of—....,—19.. —on .... (date)....
(Title)
Committee Notes
1991 Adoption. The above verification should be added to petitions and motions as required by law.
FORM 8.903. CERTIFICATE OF SERVICE
I certify that a copy of .... (document) .... has been furnished to .... (name(s)).... by .... U.S. mail/hand delivery/fax_ this-....-day-of ■. — 19_on-(date)-
(Title)
Committee Notes
1991 Adoption. The above may be added to petitions, orders, and other forms as required.
FORM 8.905. ORDER TO TAKE INTO CUSTODY
ORDER TO TAKE INTO CUSTODY TO: .
A ... .verified petition/affidavit.... having been filed in this case, alleging facts which under existing law are determined to be sufficient to authorize taking into custody the ... .below-named/identified.child/children...., believed to be of an age subject to the juvenile jurisdiction of the circuit court; therefore
You are commanded to take the following.child/children.... into custody:
Name(s).
Age(s). Sex.
Date(s) of Birth.
Race.
Address.
Identifying Description.
Parent/Custodian.
Address.
For the following reasons: .
*196 Upon taking the .... child/children.... into custody, you will deliver .... him/her/ them.... to . to be held pending a ... .detention/shelter.... hearing or upon further order of this court.
ORDERED in the circuit court in and for . County, Florida, this.. day-of-..-,-19.... on .... (date).
Circuit Judge
RETURN
This order to take into custody was executed at .... m., on the —day—of .. 19.(date)...., by the undersigned.
(Title)
RETURN TO ISSUING COURT UPON THE
CHILD’S 19TH BIRTHDAY
FORM 8.906. RELEASE ORDER
RELEASE ORDER
The court now finding that the above-named .... child/children...., previously .... placed in shelter care/detained...., should be released.
It is ADJUDGED:
1. That . shall be released immediately to.
2. It is FURTHER ADJUDGED that
ORDERED in the circuit court in and for . County, Florida, on the -day-of-. .■■■■-■■-., 19... .■■■.. .(date)....
Circuit Judge
FORM 8.907. TRANSFER ORDER
TRANSFER ORDER
This case being before this court for consideration of transfer to a court having juvenile jurisdiction in another county, the court finds:
1. That on the.... day of-.■■■.-,■ 19-.--.(date)...., following a hearing on the petition of ., the court .... entered an order of adjudication/withheld adjudication/accepted a plan of proposed treatment, training, or conduct.
2. That it would be tein the best interest of the above-named .... child/children .... that this case be transferred to the circuit court of another county because: .
3. That a dispositional order ... .was/ was not.... made in this case.
It is recommended to the receiving court that: .
It is ADJUDGED:
1. That the jurisdiction of this court in this case and of the .... child/children.... involved is transferred to the circuit court in and for.County, Florida-* of the .... Judicial Circuit, for any and all proceedings deemed necessary.
2. That within fivelS days from the date of this order the clerk of this court shall forward a certified copy of:
(a) The order of transfer, which shall include but not be limited to:
(i) Specific offense that the child was found to have committed;
(ii) Degree of offense;
(iii) Name of parent/custodian to be summoned;
(iv) Address rt which the child should be summoned for disposition;
(v) Name and address of the victim; and
*197 (vi) Whether the child was represented by counsel.
(b) A certified copy of the delinquency petition;
(c) A copy of the juvenile referral or complaint; and
(d) Any reports and all previous orders including orders appointing counsel entered by the court in the interest of that child.
These documents shall be forwarded to the clerk of the receiving court; state attorney of the receiving court; public defender of the receiving court, if counsel previously has been appointed; and
ORDERED in the circuit court in and for. County, Florida, this .... day-of-..., — ■—19... .on .... (date).
Circuit Judge
FORM 8.908. SUMMONS
SUMMONS
STATE OF FLORIDA
TO .... a child/children.... and .... parent(s)/eustodian....:
Whereas a petition under oath has been filed in this court alleging the above-named .... child/children.... to be .under the laws of the State of Florida, a copy of which was attached hereto;
Now, therefore, this is to command you to appear before the Honorable ., Circuit Judge, at .... m., on the--day-of-19.(date)...., at the county courthouse of . County, at ., Florida, and there be in attendance at the hearing of the said petition. The -parent(s)/custodian_ .... is/are.... required to produce the .... child/children.... at said time and place unless the _child/children_ ... .is/are.... in detention or shelter care at said time.
You may be held in contempt of court if you fail to appear.
WITNESS my hand and seal of this court at. County, Florida, tins —day—of—.,—19... . on .... (date). ., Clerk of Circuit Court
.County, Florida
By: _D.C.
FORM 8.909. PLAN FOR TREATMENT, TRAINING, OR CONDUCT
PLAN FOR TREATMENT, TRAINING, OR CONDUCT
TO: ., Circuit Judge
Instead of a plea to the petition filed on the--day-of.., 19.(date)_, alleging the above-named .... child/children.... to be ., the following proposed plan for treatment, training, or conduct, formulated in conjunction with the supervising agency, is now submitted, with the request that it be accepted by the court and that prosecution of the said petition be deferred.
This agreement is entered into with full knowledge and disclosure of all the facts and circumstances of this case, and in consideration thereof, and the promise of fulfillment of its terms and conditions, each of the undersigned agrees as follows:
It is further agreed:
1. That the speedy trial rule is waived,
*198 2. That a hearing for the acceptance of this plan _is/is not- waived,
3. That this plan, as agreed to here, shall be in effect until .
In witness whereof the undersigned have affixed their hands this .....day-of . 19.... on_(date).
Child
Parent(s) or Custodian(s)
Attorney for Child/Parent(s)/Custodian(s)....
., Department of Juvenile Justice, Supervising Agency, Recommends: ... .Acceptance/Rejection....
Authorized Agent
CONSENT IN DELINQUENCY CASES
The undersigned, being familiar with the contents of this plan for treatment, training, or conduct and the delinquency petition on which it is based, consents to defer prosecution of the petition.
Dated: .
State Attorney
By-
Assistant State Attorney
ORDER
The foregoing plan for treatment, training, or conduct having been properly submitted and having been given consideration by the court,
It is ADJUDGED:
_ 1. That the plan is approved and the parties thereto shall comply with its terms and conditions.
_ 2. That the plan is disapproved and an adjudicatory hearing on the petition shall be scheduled.
ORDERED at ., . County, Florida, this ■ —day—of ... ■. ..., 19... .on ... .(date).
Circuit Judge
FORM 8.913. ORDER TO SHOW CAUSE
ORDER TO SHOW CAUSE This cause came on to be heard on the petition for order to show cause directed to .... (name).... for failure .... (specify).... on .... (date)..... (See attached affidavit.)
NOW, THEREFORE, you, ....(name)...., are hereby ORDERED to appear before this court located at ., on .... (date)...., at .... (time)...., to show cause why you should not be held in contempt of this court, for your failure to .... (specify)....
DONE AND ORDERED this .... day of ..., 19... .on... .(date)...., at ., . County, Florida.
Circuit Judge
FORM 8.930. JUVENILE NOTICE TO APPEAR
JUVENILE NOTICE TO APPEAR
DATE. AGENCY.
CASE NO.
PARENT, ADULT RELATIVE, LEGAL
GUARDIAN
.... (name)....
I am the .... (relationship to child).... of .... (child’s name).... and promise to ensure that the child appears on .... (date).... at .... (time).... at .... (location).... to appear in court. I also promise immediately to notify the of *199 fice of the state attorney at .... (telephone number).... and the clerk of the court at .... (telephone number).... of any change in the child’s address.
Signature of Parent/Adult Relative /Legal Guardian .... (address)....
.... (telephone number)....
.... (date)....
.... (address and telephone number of child, if different)....
I,.... (child’s name)...., understand that I have been charged with a law violation, ....(offense(s))...., and that I am being released at this time to the custody of .... (parent,' adult relative, or legal guardian’s name)....
I promise to appear on.(date).... at .... (time).... at .... (location).... to appear in court, and to appear as required for any additional conferences or appearances scheduled by HRSDJJ or the court. I understand that my failure to appear shall result in a custody order being issued and that I will be picked up and taken to detention.
Child’s Signature
Date.
Arresting Officer.
Releasing officer or HRSDJJ counsel- or authorizing release
HRSDJJ Intake Telephone Number
ATTACH TO ARREST AFFIDAVIT
FORM 8.932. APPLICATION FOR COUNSEL AND ORDER
APPLICATION FOR COUNSEL AND ORDER
STATE OF FLORIDA COUNTY OF.
Before me, the undersigned authority, personally appeared affiant, who, being duly sworn, says:
1. That I understand a delinquency complaint has been made against me and, being advised of my right to an attorney, now request appointment of counsel.
2. Being without sufficient funds, property or assets of any kind, I will be deprived of my right to representation unless I am adjudged insolvent and counsel appointed to represent me.
3. That I have been informed that a
lien for the value of the legal services rendered to me by the public defender may be imposed by law on any property I now or may hereafter have in this state. Dated: .
Affiant Child
STATEMENT OF PARENT(S)
The undersigned are informed and understand that liability for cost of representation of this child by the public defender can be assessed against the parent(s) by court order in an amount not to exceed the amount provided by law.
Parent
Parent
ORDER
The court finds that this child is indigent, as defined by law, and is desirous of counsel; it is, therefore,
ORDERED
*200 1. That this child is declared to be insolvent.
2. That ., Public Defender for the_Judicial Circuit, State of Florida, is hereby appointed as counsel to represent this child in all matters in defense of the delinquency complaint herein made.
DONE AND ORDERED in the circuit court in and for.County, Florida, this — —day—of—.., 19... .on... .(date)....
Circuit Judge
FORM 8.933. WAIVER OF COUNSEL
WAIVER OF COUNSEL
I, the undersigned child, .... years of age, understand:
(1) That a complaint of delinquency alleging that I did: . has been
made against me;
(2) That I have a right to a lawyer and that if I am unable to pay hhna lawyer and wish to have one appointed, a lawyer will be provided immediately.
I understand this right to and offer of a lawyer and, being aware of the effect of this waiver, I knowingly, intelligently, understandingly and of my own free will now choose to and, by the signing of this waiver, do hereby waive my right to a lawyer and elect to proceed in this case without benefit of a lawyer.
DATE:_
CHILD
This waiver of counsel was signed in the presence of the undersigned witnesses who, by their signature, attest to its voluntary execution by this child.
WITNESS: _
WITNESS: _
STATEMENT OF PARENT OR RESPONSIBLE ADULT
This waiver of counsel was read by me and explained fully to this child in my presence. I understand the right of this child to an attorney and as the. of this child I consent to a waiver of this right.
Date: .
ORDER ASSESSING ATTORNEY’S FEE
The child herein, having been represented by the Public Defender in this cause pursuant to Section 27.52, Florida Statutes, it is
ORDERED AND ADJUDGED that a reasonable attorney’s fee for services rendered by the Public Defender to the child in this cause is $.and that said fee is hereby assessed against ., the father, and., the mother, in favor of the State of Florida.
DONE AND ORDERED at., Florida, this — —day-- of — ., 19.... on .... (date)....
Circuit Judge
FORM 8.934. ORDER TO DETERMINE MENTAL CONDITION
ORDER TO DETERMINE MENTAL CONDITION
It having been made known to the court and the court finding that reasonable grounds exist to believe that this child may be incompetent to proceed with an adjudicatory hearing, and that a hearing should be scheduled to examine this child and determine ....his/her.... mental condition, it is
ADJUDGED:
*201 1. That all proceedings in this case are now stayed, pending further order of this court.
2. That a hearing to determine the mental condition of this child is scheduled before me at .... M., on this .... day of .,19.(date)_
3. That the following named persons are hereby appointed as disinterested qualified experts to examine this child as to competency and to testify as to the child’s mental condition at the hearing above scheduled:
(1).
Name Address
(2).
Name Address
(3).
Name Address
4. That this child shall be held temporarily in the custody of., who shall produce the child for examination by the above-named at a time and place to be arranged.
ORDERED at ., . County, Florida, this — —day—ef ., 19.'... on .... (date)....
Circuit Judge
FORM 8.935. ORDER OF INCOMPETENCY
ORDER OF INCOMPETENCY The above-named child being before the court for inquiry into _his/her.... mental condition and a determination of ....his/her.... competency to proceed with an adjudicatory hearing, from the evidence the court finds:
That the said child is mentally incompetent to proceed with the adjudicatory hearing.
It is, therefore, ADJUDGED that proceedings shall be commenced immediately for the involuntary hospitalization of this child by ., as provided by law, and the said child shall.pending disposition of those proceedings.
All proceedings in this case are stayed pending such action.
ORDERED at ., Florida, . .■■■■., 19... .on ... .(date)....
Circuit Judge .
FORM 8.936. ORDER OF COMPETENCY
ORDER OF COMPETENCY
The above-named child being before the court for inquiry into ....his/her.... mental condition and a determination of ....his/her.... competency to proceed with an adjudicatory hearing, from the evidence the court finds:
That the child is mentally competent to proceed with the adjudicatory hearing.
It is, therefore, ADJUDGED that the adjudicatory hearing in this case shall .... commence/resume.... at .... M., on the--day-of.....■, ■19_(date)_
ORDERED at ., Florida, ., 19.... on .... (date)....
Circuit Judge
FORM 8.938. ORDER OF VOLUNTARY WAIVER
VOLUNTARY WAIVER ORDER
Upon the demand for voluntary waiver filed by the child, it is hereby ORDERED AND ADJUDGED as follows:
1. A demand for voluntary waiver of jurisdiction was filed by the child and parent/legal guardian on .... (date)....
*202 2. The court waives jurisdiction to try the child pursuant to chapter §@986, Florida Statutes.
3. The above cause is certified for trial as if the child were an adult.
4. A certified copy of this order shall be furnished to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of said child.
5. The child shall be forthwith delivered to the sheriff of the county in which the court that is to try the child is located. Bond is set at $.
DONE AND ORDERED in chambers at.,-(date)-
Circuit Judge
FORM 8.940. MOTION TO COMPILE REPORT
MOTION TO COMPILE REPORT
The State of Florida, having filed a petition for involuntary waiver, moves the court for an order requiring the department to prepare a study and report to the court, in writing, considering the following relevant factors:
1. The seriousness of the alleged offense to the community and whether the protection of the community is best served by transferring the child for adult sanctions.
2. Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the alleged offense was against persons or against property.
4. The probable cause as found in the report, affidavit, or complaint.
5. The desirability of trial and disposition of the entire offense in one court when the child’s associates in the alleged crime are adults or children who are to be tried as adults who will be or have been charged with a crime.
6. The sophistication and maturity of the child.
7. The record and previous history of the child including:
a. Previous contact with the department, other law enforcement agencies, and the courts;
b. Prior periods of juvenile probation or community-eontr-ei;
c. Prior adjudications that the child committed a delinquent act or violation of law, greater weight being given if the child previously had been found by a court to have committed a delinquent act involving an offense classified as a felony or had twice previously been found to have committed a delinquent act involving an offense classified as a misdemeanor; and
d. Prior commitments to institutions.
8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child, if found to have committed the alleged offense, by the use of procedures, services, and facilities currently available to the court.
WHEREFORE, the State of Florida requests an order directing the department to prepare a study and report in writing prior to the waiver hearing.
Petitioner
FORM 8.941. ORDER TO COMPILE REPORT
ORDER TO COMPILE REPORT
Upon the motion of the State of Florida, the department shall prepare a study and report to the court, in writing, considering the following relevant factors:
*203 1. The seriousness of the alleged offense to the community and whether the protection of the community is best served by transferring the child for adult sanctions.
2. Whether the alleged offense was committed in an aggressive, violent, premeditated, or willful manner.
3. Whether the alleged offense was against persons or against property.
4. The probable cause as found in the report, affidavit, or complaint.
5. The desirability of trial and disposition of the entire offense in one court when the child’s associates in the alleged crime are adults or children who are to be tried as adults who will be or have been charged with a crime.
6. The sophistication and maturity of the child.
7. The record and previous history of the child including:
a. Previous contact with the department, other law enforcement agencies, and the courts;
b. Prior periods of juvenile probation or community control;
c. Prior adjudications that the child committed a delinquent act or violation of law, greater weight being given if the child had previously been found by a court to have committed a delinquent act involving an offense classified as a felony or had twice previously been found to have committed a delinquent act involving an offense classified as a misdemeanor; and
d. Prior commitments to institutions.
8. The prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the child, if found to have committed the alleged offense, by the use of procedures, services,
and facilities currently available to the court.
DONE AND ORDERED in chambers at., Florida,_(date)_
Circuit Judge
FORM 8.942. ORDER OF INVOLUNTARY WAIVER
ORDER OF INVOLUNTARY WAIVER
A petition was filed in this cause on .... (date).... Prior to the adjudicatory hearing on the petition, the State of Florida filed a motion requesting that the court waive its jurisdiction and certify the case to the appropriate court for trial as if the child were an adult. This cause came before the court on the motion.
The following were present .... (names).... with .... (name)...., representing the State of Florida and .... (name)...., representing the Department of Juvenile Justice.
The court heard the evidence presented by the State of Florida and the child to determine whether the jurisdiction of this court should be waived and the case certified to the appropriate court for trial as if the child were an adult. The court finds that it is in the public interest that the jurisdiction of this court be waived and that the case be certified to the appropriate court having jurisdiction to try an adult who is charged with a like offense based on the following findings of fact:
1. Age of child.
2. Seriousness of alleged offense
[[Image here]]
8. Manner of commission of offense
[[Image here]]
4. Nature of offense (person or property)
[[Image here]]
5. Probable cause as found in the report, affidavit, or complaint.
*204 6. Desirability of trial and disposition of entire offense in one court.
7. Sophistication and maturity of the child.
8. Record and previous history of the child.
9. Prospects for adequate protection of the public and rehabilitation of child
[[Image here]]
IT IS ADJUDGED that the jurisdiction of this court is waived and that this case is transferred to the .... (court)-for trial as if the child were an adult.
The child shall be held by the sheriff of this county unless a bond in the amount of $.is posted. The child shall appear before .... (court).... on the- — -■—■day-of ., 19.(date)- to answer the State of Florida on the foregoing-charges.
DONE AND ORDERED in chambers at ., Florida, this .... day of .,19_on_(date)....
Circuit Judge
FORM 8,946, MOTION FOR SERIOUS OR HABITUAL JUNENILE-QF-FENDER PLACEMENT
MOTION FOR SERIOUS OR HABITUAL JUVENILE OFFENDER PLACEMENT
Comes now the -:'... State of Floridarby and — through the undersigned -assistant state-attorney/Department of Juvenile Justice, by and through its undersigned counsel., and moves the court-for-serious or — habitual juvenile ■ offender placement. -I-n-suppert thereof, we-would-showo
L — That-the child, who was not-less than 14 years of age at the time of- disposition for the current offense and who-was adjudicated — and—has been committed — in this proceeding, meefs-fhe-criteria in subsection 39.01(44); -Florida Statutes, for-serious-or-habitual juvenile offender placement in-that-said child was:-
-r™ — Adjudicated—or had — adjudication withheld on the current-offense-fdr-a capital, life, or-fir-st-degree felony involving-the-infliction or threatened-infliction of serious physical-harmo-to
—Adjudicated or had- adjudication withheld-on-the current offense for~a capital, life, first-, -or- second-degree felony offense-and-previously has been adjudicated-or-had-adjudication withheld-for-at-least 2 separate, nonr-el-at-ed capital felonies, first-degree felonies, or — second-degree felonies other than second-degree.felon-y-vlol-atiens of chapter -893 — Florida Statutes, or third-degree felonies involving-the-ase of a weapon-,--within-the preceding 24 months,-and-at least 1 of those adjudications or the withholding.of -those adjudications-resulted in the placement of-the-ohild in a residential commitment program of-a moderate-risk restrictiveness-levebor greater.
—Adjudicated—or—had—adjudication withheld-on-the current offense, which may include-an-y-felon-y, and previously has been adjudicated or-had adjudication -withheld for at least-3-separate, nonrelated -felony-offenses within the preceding--86- months, at least -1--of which -resulted — in--placement of the child in- a- residenfial-eommitmenfpro-gram of a moderate-risk restrictiveness level or greater.
—Adjudicated or had — adjudication-withheld on the - current offense, -which *205 may include any felony, and previously--has--been— committed-to — an—early delinquency ■ intervention program as provided in section 39.055, Florida Statutes, and a boot camp program as provided — in—section—39.05,—Florida Statutes.
2, — Placement in a serious or habitual juvenile offender program is-req-aired-for the protection-of-the -public-and-would best serve the needs oh this juvenile.
W-HEREF-QRE ¡ as this child meets the serious or habitual juvenile offender program-criteria-,--the. . state/department. .... respectfully requests this court to enter-an-order-placing-the-child-in a serious or habitaal-j-avenile offender-program.Date: .
Assistant State Attorney/DJJ Attor-
... ,(address-& -phone-no.-)- — -.-;-
-Florida-Bar -No. ......
FORM 8.947 DISPOSITION ORDER-DELINQUENCY
DISPOSITION ORDER Based — on—the—petition—hied—es .... (date)...., the child, ... .(name)...., being-duly-represented-by .... (name)...., attorney -of-record, - and having previously
t-vt-s — Been-found to have committed the following delinquent act(s) at an adjudicatory hearing:
[[Image here]]
The predisposition study prepared-by-the Department-of Juvenile Justice was received and-eonsidered— as- -was all other relevant--and--material- ■ evidence offered, and no cause havi-n-g-been-shown-why-the disposition should-not-be entered at this fimerdt-is-the-Q-RDER-QF-T-HE-CQURT thafe
t — tt-7—Adjudication of delinquency is with-heldr
— * 11 — The-child is adjudicated delinquent.
The child is hereby:
—Placed on community -control under the supervision-of-. — ..-.... with the conditions specified-in this order.
— .1. — Rlaeed-on-community control under the supervision-of the Department of Juvenile Justice with the-conditions specified in this order.
—Committed-to-a-licensed ■ child caring agency-or--the Department of Juvenile Justice. — The court-orders- the child placed in . level. — The placement is for an indeterminate-period, but no longer than the maidmum-sen-tence allowable by law-or-the -child’s 19th birthday. — The child is allowed —days credit — for--time spent in detention or incarceration before this date.-Upon — release—the—child —■-■shall/shall not.... be placed on community--control- under the conditions specified in this order.
-v-T-r-^ — Placed in the serious or habitual juvenile offender program-as-the child meets the criteria-in -■ section- 39.058, Florida — Statutes.-The—placement shall be for -a-n — indeterminate period but no longer than the maximum sentence allowable by law or the child’s 21st birthday. — The child-is-allowed. days credit for time spend-in detention ■ or incarceration ■ before this date.
-r-v^ — Ordered to. — .... remain in/be -released-feom.... detention- — The removal of the child from detention and placement — into—a-.commitment -program— shall — occur—within—5-days, excluding Saturday, Sunday, and legal hol-idaySr
*206 Provisions Of-Community Control
It is FURTHER ORDERED that the child shall comply with the following sanctions:
.... obey the law in all respects. —live and reside in the home of ... .(name).. ■■. — and—accept ■ reasonable controls and discipline in that home.
. successfully' complete .... hours of community serviee-worle
.... have a -cur-few of .... p.m. Sunday through Thursday and .... p.m. Friday and Saturday^ unless in the company-of-a-parent or responsible adult designated-by-the parent.
. attend school every day, each class assigned»-abiding by all rules and regulations of school authorities relating to conduct and citizenship in and around school-grounds-and while coming-to-and-leaving school to avoid being suspended.
.... not associate-with — ¡-.---(-name)....
.... observe a .¡....in the adult division of the circuit-court and bring verification to the community control ffonnoolm1» vvttTIOvlvit
.... not use-orpossess-aleoholic beverages or controlled substanee&r
.... participate in a-mental-health assessment through — --—(-name or agency) and-follow through with any recommended therapy ■ or treatment.
.... write — a—letter—of—apology—te .. .--(■name)--, and submit it to the commun-it-y-eontrol counselor within 30 days of this order.
.... have ... .his/her■ driver’s license .... deferred/suspended — ...-for ■=■■■■. . (time — period)....-The—ehild ... .may/may not.-seek a permit for business -purposes-only^
.... write-a .... word essay-on-.-.- — (topic).... and provide a copy tothe-com-munity control — counselor within 30 days of this order.
cooperate fully-and-maintain contact with your community control -counsel- or as directed.
-7-^-r-i — have no contact- with the victim, . - (name)....
.... not-ehange place- of residence without prior — knowledge and consent of the community control counselor.
.... not possess any-firearms or weapons.
... pay restitution in the -amount of $.... — The court finds that the child ■■■■■■.. . does/does not.... have the ability to -pay and .... payment/community service wor-k — ——shall—be in — the amount of — .—The parents, ... . (names)_,-.... shall/shall not.... bo responsible for-restitution ln-the- amount of $■■-...■■■■. — Payments shall be made to the clerk of the circuit court.
-.. ,-r-pay-$50 to the Crimes Compensation Trust-Fund, payable to the clerk of the-circuit court.
.... pay $.... to the Crimes -Compensation Trust Fund, payable-to-the-clerk of-the-circuit court, for reimbursement of-expenses for initial examination of the-vietim under section- 960.28, Florida Statutes.
■... ■■■ participate in-a-teur-of an adult correctional facility.
.... other: .-.■
The -parties are advised that an appeal is authorized by law within-3Q- days from the date- of-this- order.
FINGERPRINTS OF CHILD
Fingerprints taken by:
■ .-■■.-name and title....
*207 DONE AND-QRDERED in open court at — _(city)_,——County, Florida, on .. . .(date)....
I CERTIF¥-that the above fingerprints are — fee—fingerprints—of—fee—child, .... (name)...., and-that-they were taken and-placed-in-m-y-presence in open court this date.
-Circuit Judge
A petition was filed on .... (date) ...., alleging .,. (name) ...., .... age, to be a delinquent child. The court finds that it has jurisdiction of the proceedings.
Present before the court were:
.... the child;
.... _(name)_, Assistant State Attorney;
.... .... (name)...., Assistant Public Defender/defense attorney;
.(name)...., guardian;
.... .... (name)...., DJJ juvenile probation officer.
At the hearing on .... (date)...., after .... entry of a plea/an adjudicatory hearing. ..., the child was found to have committed the delinquent acts listed below:
[[Image here]]
The predisposition report was ... .received and considered/waived by the child....
The court, having considered the evidence and comments offered by those present, having inquired, and being otherwise fully advised in the premises ORDERS THAT:
Adjudication of delinquency is withheld.
COMMITMENT: The child-isThe child is adjudicated delinquent and .... committed to .... a licensed child-caring agency/the Department of Juvenile Justice.... for placement in level .risk residential program, for an indeterminate period, but no longer than the child’s .... 19th/ 21st.... birthday or the maximum term of imprisonment an adult may serve for each count listed above, whichever comes first. The child is allowed .... days credit for time spent in secure detention or incarceration before this date. The child shall be placed in home detention care with/without electronic monitoring/secure detention until placement.
.... placed in the serious or habitual juvenile offender program because the child meets the criteria in section 985.31, Florida Statutes. The placement shall be for an indeterminate period but no longer than the maximum sentence allowed by law or the child’s 21st birthday, whichever comes first. The child is allowed_days credit for time spent in secure detention or incarceration before this date. The child shall be placed on ... .home detention with/without electronic monitoring/secure detention.... until placement.
.... placed in a maximum risk program because the child meets the criteria in section 985.313, Florida Statutes. The placement is for an indeterminate period of time but no longer than the maximum sentence allowed by law or the child’s 21st birthday, whichever comes first. The child is allowed .... days credit for time spent in secure detention or incarceration before this date. The
*208 reasons for adjudicating and committing this child. child shall be placed on .... home detention with/without electronic monitoring/secure detention.... until placement. . The court has orally pronounced its
.... The court retains jurisdiction to accept or reject the discharge of this child from commitment, as provided by law.
.... The child is placed inon post-commitment community control program-juvenile probateem
.... CQMMUN-I-TY-4SQNT-RO-LJUVEN-ILE PROBATION: The child is .... placed ia-aon/continued in.... a community — control programjuvenile probation under supervision of .... the Department of Juvenile Justice/. ... (name).... for an indefinite period not to exceed the child’s 19th birthday or the maximum term of imprisonment an adult could receive for each count listed above, whichever comes first.
.... DISMISS: The case is dismissed.
.... Disposition on each count is .... concurrent/consecutive
.... This case disposition is .... concur-reni/consecutive.... with case number .
TION. The child shall abide by all of the GENERAL CONDITIONS OF CQMMU-NITY CONTROL JUVENILE PROBA-following conditions:
1. The child shall obey all laws.
2. The child shall be employed full-time or attend school with no unexcused absences, suspensions, or disciplinary referrals.
3. The child shall not change or leave ... .his/her.... residence, school, or place
of employment without the consent of -his/her-parents and juvenile probation officer.
of the court and juvenile probation officer. bation officer and carry out all instructions 4,The child shall answer truthfully all questions of ... .his/her.... juvenile pro-
5. The child shall keep in contact with the juvenile probation officer in the manner prescribed by the juvenile probation officer.
6. The child shall not use or possess alcoholic beverages or controlled substances.
conditions marked below: SPECIAL CONDITIONS OF COMMUNITY. CONTRQTJUVENILE PROBATION. The child shall abide by all the
severally. .... Amount is reserved. paid to .... (name).... Payments shall begin .... (date).... and continue at the rate of $.each month. .... The court retains jurisdiction under F.S. Chapter 985 to enforce its restitution order, regardless of the age of the child. child are responsible, .... jointly and .... Restitution is ordered. Parent and r-Q
Community Service .... hours are to be performed by the child at the rate of .... hours per month. Written proof is to be provided to the juvenile probation officer.
.. ■. A letter of apology to be written by the child to .... (name).... within .... days. The letter must be a minimum of .... words.
A .... word essay to be written by the child on ....(subject).... and provided to the juvenile probation officer within 30 days.
The child may have'no. contact with victim(s), .... (name(s))....
*209 abuse.... evaluation to be completed by the child within .... days. The child will attend and participate in every scheduled appointment and successfully attend and complete any and all recommended evaluations and treatment. A ... .mental health/substance
The parent(s) .... is/are.... to complete counseling in.
A curfew is set for the child at .... p.m. Sunday through Thursday and .... p.m. Friday and Saturday.
The child’s driver’s license is _suspended/revoked/withheld_ for .... (time period)....
The child is to complete a .... detention/jail/prison.... tour within .... days.
The child will be subject to random urinalysis.
The child will be electronically monitored.
The child will successfully complete all sanctions of the original community eontseijuvenile probation order. Other: .
GUN CHARGES
.... The court finds that one of the above charges involves the use or possession of a firearm and further ORDERS the following:
.... The child’s driver’s license is .... suspended/revoked.... for .... % .... years.
.... The child is to serve .... 5/10.... days in the Juvenile Detention Center.
THE COURT FURTHER FINDS AND ORDERS:
Florida Statutes (sexual battery) and is ordered to make restitution to the Crimes Compensation Trust Fund under F.S. 960.28(5) for the cost of the forensic physical examination. .... The child has violated Chapter 794,
The child ... .has been adjudicated delinquent/has entered a plea of no contesUhas entered a plea of guilty -to an offense under F.S. Chapter 794, of 800, F.S. 782.04, 784.045, 810.02, 812.133, 812.135, or any other offense specified in F.S. 943.325 and the child is required to submit blood specimens under F.S. 943.325.
Under F.S. 985.231(l)(bX — the -r-parent(-s)/legal-guardian(s) ■■ ■ ■■.is/are.... ordered to pay the Department — el—Juvenile—Justice—an amount not exceeding -$ ; —pen day for each day the child-is held in a residential commitment facility-for-the support of the child. Payments-shall be^made-by-money order or cashier’s check to.
.... the parent/legal guardian, .... (name)...., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $.per day for each day the child resides in a commitment facility.
.... the parent/legal guardian, .... (name)...., shall pay to the Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100, $.for each day the child resides in a commitment facility. The amount must be no less than $2 per day for placement outside the home and $1 per day for other placement. The maintenance fee is reduced to $. on a finding of inability to pay/indigency.
.... the parent/legal guardian, .... (name)...., shall pay to the *210 Department of Juvenile Justice, 2737 Centerview Drive, Tallahassee, FL 32399-3100,$. for each day the child resides in a commitment facility. The fee is waived on a finding that the parent/legal guardian ... .was the victim of the delinquent act or violation of law and has cooperated in the investigation and prosecution of the offense/has made a good faith effort to prevent the child from engaging in the delinquent act or violation of law.
The child is placed on notice that the court may modify the conditions of probation at any time and may revoke the community controljuvenile probation if there is a violation of the conditions imposed.
The parties are advised that an appeal is allowed within 30 days of the date of this order.
DONE AND ORDERED in .... (city)...., . County, Florida on .... (date)....
Circuit Judge
Copies to:
FORM 8.948. PETITION FOR REVOCATION OF COMMUNITY CONTROL PROGRAMJUVEN-ILE PROBATION
PETITION FOR REVOCATION OF COMMUNITY — CONTROL—PRO-QRAMJUVENILE PROBATION
The petitioner represents to the court that ., whose residence and address is.was adjudicated a . child and placed on a-community- control programjuvenile probation by order of this court dated .T 19.... and that the child has violated the
conditions of the community control -pro-gramjuvenile probation in a material respect by: . The petitioner represents further that the parent(s) or custodian(s) .... is/are....:
Mother Residence
Father Residence
Custodian Residence
WHEREFORE, your petitioner requests that process may issue to bring the above-named child before this court to be dealt with according to law.
Date: .
Petitioner
FORM 8.949. ORDER FOR HIV TESTING
ORDER FOR HUMAN IMMUNODEFICIENCY VIRUS (HIV) TESTING
The court having been requested by the ... .victim/victim’s legal guardian/minor victim’s parent.... for disclosure of the child’s HIV test results FINDS that:
The child, .... (name)...., .... is alleged by petition for delinquency to have committed/has been adjudicated delinquent for.... a sexual offense proscribed in chapter 794 or section 800.04, Florida Statutes, involving the transmission of body fluids from one person to another.
It is ORDERED AND ADJUDGED that:
1. The child, .... (name)...., shall immediately undergo Human Immunodeficiency Virus testing.
2. The testing shall be performed under the direction of the Department of Health and Rehabilitative Services in accordance with section 381.004, Florida Statutes.
*211 3. The results of the test performed on the child pursuant to this order shall not be admissible in any juvenile proceeding arising out of the .... alleged sexual offense/sexual offense....
4. The results of the test shall be disclosed, under the direction of the department, to the child and to the ... .victim/victim’s legal guardian/minor victimis parent.... The department shall ensure that the provisions of section 381.004, Florida Statutes, for personal counseling are available to the party requesting the test results.
DONE AND ORDERED at., Florida, .... (date)....
Circuit Judge
FORM 8.950. RESTITUTION ORDER
JUDGMENT AND RESTITUTION ORDER
THIS CAUSE was heard on .... (date)...., on the state’s motion for an order requiring the child, born ....(date)...., or ....his/her.... par-entis), to pay restitution costs for the benefit of the victim pursuant to sections 3^022985.201 (4)(c), 39r054(í)985.231(l)(a)6, 985.231(l)(a)9, and 775.089, Florida Statutes.
Name of victim: .
Attorney or Advocate: .
Address: .
The court being fully advised in the premises, it is ORDERED AND ADJUDGED:
The state’s motion is granted and the .... child/child’s parent(s), .... (name(s))...., shall pay restitution for the benefit of the victim named above as follows:
.... $_ for medical and related services and devices relating to physical, psychiatric, and psychological care, including nonmedical care rendered in accordance with a recognized method of healing.
.... $.... for necessary physical and occupational therapy and rehabilitation.
- $- to reimburse the victim for income lost as a result of the offense.
for necessary funeral and related services, if the offense caused bodily injury resulting in the death of the victim.
-$-for damages resulting from the offense.
for.
The total amount of restitution due is $....
Payment shall be made to the clerk of the circuit court.
Payment schedule:
.... Installment payments of $.... payable on a ... .weekly/monthly.... basis.
.... Payment is due in full.
.... The court finds that the .... child/ child’s parent(s).... .... has/ have.... — inability... .is/are.... unable to pay and orders the child to perform .... hours of community service in lieu of .... partial/total.... restitution.
The court retains jurisdiction over this child beyond ....his/her.... nineteenth birthday in order to enforce the provisions of this order and retains jurisdiction to modify the restitution in this case.
Other, specified conditions:
IT IS FURTHER ORDERED AND ADJUDGED that the clerk of the court shall provide the victim named above a certified copy of this order for the victim to record this judgment as a lien, pursuant to section 55.10, Florida Statutes.
*212 IT IS FURTHER ORDERED AND ADJUDGED that this judgment may be enforced by the state or the victim in order to receive restitution in the same manner as a judgment in a civil action. Execution shall issue for all payments required under this order.
DONE AND ORDERED AT .... (city)...., .... (county)...., Florida, on .... (date)....
Circuit Judge
Copies to:
State Attorney
Counsel for Child
Victim
Department of Juvenile Justice Parent(s)
RULE 8.951. MOTION FOR JUVENILE SEXUAL OFFENDER PLACEMENT
MOTION FOR JUVENILE SEXUAL OFFENDER PLACEMENT Comes now the .... State of Florida, by and through the undersigned assistant state attorney/Department of Juvenile Justice, by and through its undersigned counsel...., and moves the court for Juvenile Sexual Offender placement. In support thereof, movant would show:
.... that the juvenile has been found by the court, under section 39415898.5.228, Florida Statutes, to have committed a violation of chapter 794, chapter 796, chapter 800, section 827.071, or section 847.0133, Florida Statutes; or
.... that the juvenile has been found to have committed any violation of law or delinquent act involving juvenile sexual abuse as defined in section 39=01-(-76)985.03(33), Florida Statutes.
Placement in a juvenile sexual offender program is required for the protection of the public and would best serve the needs of this juvenile.
WHEREFORE, as this child meets the juvenile sexual offender placement criteria, the_state/department_respectfully requests this court to enter an order placing the child as a juvenile sexual offender under section 39.052(6)985.308, Florida Statutes.
Date: .
Assistant State Attorney/DJJ Attorney .... (address & phone no.).... Florida Bar No.: .
FORM 8.959. SUMMONS FOR DEPENDENCY ARRAIGNMENT
SUMMONS and NOTICE OF HEARING
STATE OF FLORIDA
TO: .... (name and address of person being summoned)....
WHEREAS .... (petitioner’s name).... has filed in this court a petition, alleging under oath that the above-named child(ren) is/are dependent under the laws of the State of Florida, a copy of which is attached, and requesting that a summons issue in due course requiring that you appear before this court to be dealt with according to law.
NOW, therefore, you are commanded to appear before this Court at .... (location of hearing)...., at... .(time and date of hearing)....
FAILURE TO RESPOND TO THISA40-TICE OR TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY *213 ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR CHILDREN).
IF YOU FAIL TO APPEAR YOU MAY BE HELD IN CONTEMPT OF COURT.
Witness my hand and seal of this court at .... (city, county, and state)...., on .... (date)....
CLERK OF COURT
BY: _
DEPUTY CLERK
FORM 8.960. SHELTER PETITION
AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER
COMES NOW, the undersigned, who being first duly sworn says:
1. On_(date)_at-a.m./p.m. the above named minor child(ren) was/ were found within the jurisdiction of this court.
.... The children) was/were taken into custody by (.
.... The child(ren) need(s) to be taken into protective custody.
2. The name, age, and residence of this/these children) is/are:
Name Birthdate Sex Address
[[Image here]]
3.The name, relationship to the child(ren) and address of the child(ren)’s parents or other legal custodian(s) is/are: Name Relationship Address
[[Image here]]
4.The following individuals who were listed in # 3 above have been notified in the following manner of the date, time, and location of this hearing:
Name Manner Notified
[[Image here]]
The following individuals who were listed in # 3 above have not been notified of this hearing:
Name Reason
[[Image here]]
5. There is probable cause that-reasonable grounds fer-removal-of the child(ren) from-the-home-exist within the intent and meanlng-of-c-hapte-r 39, Florida Statutes, in that the child(ren)
.... a. has/have been abused, abandoned, or neglected or are in imminent danger of illness or injury as a result of abuse, abandonment, or neglect;
.... b. was/were with a parent or legal custodian who has materially violated a condition of placement imposed by the court;
.... c. has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care;
because .
6. The provision of appropriate and available services will not eliminate the need for placement of the child(ren) in shelter care because:
.... a. an emergency existed in which the children) could not safely remain in the home;
.... b. the home situation presents a substantial and immediate danger to the children) which cannot be mitigated by the provision of preventive services;
.... c. the children) could not be protected in the home despite the provision of the following services and efforts made by the Department of Children *214 and Family Services to prevent or eliminate the need for placement in shelter care: .;
.... d. The child(ren) cannot safely remain at home because there are no preventive services that can ensure the safety of the child(ren).
7. The child(ren) are in need of and the petitioner requests the appointment of a guardian ad litem.
8. The petitioner requests that the parents-or ■ custodians, if able, be ordered to pay fees for the care, support, and maintenance of the child(ren) as established by the department under chapter 39, Florida Statutes.
9. The petitioner requests that the parents be ordered to provide to the Department of Children and Family Services and the Department of Revenue financial information necessary to accurately calculate child support under section 61.30, Florida Statutes, within 28 days of this order.
910. This affidavit and petition is filed in good faith and under oath.
WHEREFORE, the affiant requests that this court order that this/these child(ren) be placed in the custody of the department until further order of this court and that the place of such custody shall be:
.... at the discretion of the Department of Children and Family Services;
.... at the home of a responsible adult relative, ., whose address is
.... other.
Moving Party
.... attorney’s name....
.... address and telephone number. ...
.... Florida Bar number.... Verification
NOTICE TO PARENTS/GUARDIANS/LEGAL CUSTODIANS
A date and time for an arraignment hearing is normally set at this shelter hearing. If one is not set or if there are questions, you should contact the Juvenile Court Clerk’s office at. A copy of the Petition for Dependency will be given to you or to your attorney, if you have one. A copy will also be available in the clerk’s office. You have a right to have an attorney represent you at this hearing and during the dependency proceedings and an attorney will be appointed for you if you request an attorney and the court finds that you are unable to afford an attorney.
FORM 8.961. SHELTER ORDER
ORDER FOR PLACEMENT IN SHELTER
THIS CAUSE came on to be heard under chapter 39, Florida Statutes, on the sworn AFFIDAVIT AND PETITION FOR PLACEMENT IN SHELTER CARE filed by .... (petitioner’s name)-, on_(date)- The following persons appeared before the court:
.... Petitioner.
.... Petitioner’s attorney.
.... Mother.
.... Father(s).
.... Legal custodian(s).
.... Guardian ad litem.
.... GAL attorney.
.... Other: .
and the Court having reviewed its file and having been otherwise duly advised in the premises finds as follows:
*215 1. The minor child(ren),., was/ were found within the jurisdiction of this court and is/are of an age subject to the jurisdiction of this court.
2. PLACEMENT IN SHELTER.
.... The minor children) was/were placed in shelter on .... (date).... at .... a.m./p.m. by .... (name)...., a duly authorized agent of the department.
.... The minor children) need(s) to be placed in shelter at the request of the petitioner for the reasons stated in this order.
3. PARENTS/CUSTODIANS. The parents/custodians of the minor children) are:
Mother: Name . Address
[[Image here]]
Father of ....(child’s name)....: Name . Address.
Other: .... (relationship and to which child) : Name . Address
[[Image here]]
4. INABILITY TO NOTIFY AND/OR LOCATE PARENTS/CUSTODIANS. The petitioner has made a good faith effort to notify and/or locate, but was unable to notify and/or locate -(name(s))-, a parent or legal custodian of the minor child(ren).
5. NOTIFICATION. Each parent/legal custodian not listed in # 4 above was:
.... duly notified that the child(ren) was/ were taken into custody;
.... duly notified to be present at this hearing;
.... served with a statement setting forth a summary of procedures involved in dependency cases;
.... advised of their right to counsel; and .... was represented by counsel, .... (name)....
.... knowingly, voluntarily, and intelligently waived the right; or .... the court declined to accept the waiver because.
.... requested appointment of counsel, but the court declined appointment because he/she did not qualify as indigent.
.... requested appointment of counsel and counsel was appointed.
6. PROBABLE CAUSE.
.... Based on the allegations in the Affidavit and Petition for Placement in Shelter, there is probable cause to believe that the children) is/are dependent based on allegations of abuse, abandonment, or neglect or substantial risk of same.
.... A finding of probable cause cannot be made at this time and the court requires additional information to determine the risk to the children). Evidence of probable-cause^nust-be presented to-the -court-within 72 hours from-the- time- the children) was/were taken into-custody--or-the child(ren) will be released. The following information must be provided to the court during the continuation of this hearing: .... (information to be provided) .... This hearing is continued for 72 hours, until .... (date and time).... The children will remain in shelter care.
7. NEED FOR PLACEMENT. Placement of the child(ren) in shelter care is in the best interest of the child(ren). Continuation in the home is contrary to the welfare of the children) because the home situation presents a substantial and immediate danger which cannot be mitigated by the provision of preventive services and placement is necessary to protect the child(ren) as shown by the following facts:
*216 ... the child(ren) was/were abused, abandoned, or neglected, or is/are suffering from or in imminent danger of injury or illness as a result of abuse, abandonment, or neglect, specifically: .
... the custodian has materially violated a condition of placement imposed by the court, specifically:
.... the child(ren) has/have no parent, legal custodian, or responsible adult relative immediately known and available to provide supervision and care, specifically: .
8. REASONABLE EFFORTS.
.... Reasonable efforts to prevent or eliminate the need for removing the child(ren) from the home have been made by the department, which provided the following services to the family: .
.... The department is deemed to have made reasonable efforts to prevent or eliminate the need for removal from the home because
.... The first contact with the department occurred during an emergency.
.... The appraisal of the home situation by the department indicates a substantial and immediate danger to the child(ren) which cannot be mitigated by the provision of preventive services.
.... The children) cannot safely remain at home because no services exist that can ensure the safety of the child(ren).
.... Even with appropriate services, the child(ren)’s safety cannot be ensured.
It is, therefore, ORDERED AND ADJUDGED, as follows:
1. The child(ren) shall remain/be placed in the shelter custody of:
.... the department, with the department having the discretion to shelter the child(ren) with a relative or other responsible adult on completion of a positive homestudy, abuse registry, and criminal background checks.
.... Other: .
2. The child(ren) .... may .... may not be returned to the parent/custodian without further order of this court.
3.The Guardian Ad Litem Program is appointed.
28 days of the date of this order, shall complete the forms provided by the department-to-determine ■ the amount-ef-child support which shall-be-paidshall provide to the department the information necessary to accurately calculate child support under section 61.30, Florida Statutes. The parents/legal custodians shall pay child support in accordance with Florida Statutes.
5. The legal custodian, or in the absence of the legal custodian, the department and its agents, are hereby authorized to provide consent for and to obtain ordinary and necessary medical and dental treatment and examination for the above child(ren) including blood testing deemed medically appropriate, and necessary preventive care, including ordinary immunizations and tuberculin testing.
6. Visitation with the child(ren) shall be as follows: .
7. Special conditions: .
8. This court retains jurisdiction over this matter to enter any other and further orders as may be deemed to be in the best interest and welfare of this/these child(ren).
9. If a Petition for Dependency is subsequently filed in this cause, the Arraign-
*217 ment Hearing is scheduled for .... (date)...., at .... a.m./p.m. at .... (location of arraignment).... The parents have a right to be represented by an attorney at the arraignment hearing and during the dependency proceedings.
ORDERED in.County, Florida on .... (date)...., at .... a.m./p.m.
Circuit Judge
FORM 8.964. DEPENDENCY PETITION
PETITION FOR DEPENDENCY
COMES NOW, Petitioner, .... (name)...., by and through undersigned counsel, and petitions this court to adjudicate the above-named minor children) to be dependent within the meaning and intent of chapter 39, Florida Statutes. As grounds, petitioner alleges the following:
1. This court has jurisdiction over the minor children), .... (name(s))...., a .... (gender).... child, whose date(s) of birth is/are., and who, at the time the dependency arose, was/were in the custody of .... (name(s))....
2. The natural mother of the minor children) is .... (name(s))...., a resident of _(state)_, whose address is
[[Image here]]
3.The father of the minor children), .... (name(s)).... is .... (name)...., whose address is . The father .... is .... is not married to the mother, and-is_is not listed on the child(ren)’s birth certificate(s). The mother filed a Sworn Statement About Identity or Location of Father with this court on .... (date)...., which named .as the father.
4. The UCCJA Affidavit - is attached .... was filed with the Court on .... (date)-and is incorporated by reference.
5. The children) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother/father/parents/legal custodian/caregiver(s) abused, abandoned, or neglected the minor child(ren) on or about .... (date)...., by: .and that these activities and environments cause the child(ren)’s physical, mental, or emotional health to be in danger of being significantly impaired.
OR
5. The above named child(ren) is/are presently under substantial risk or imminent threat of harm or abuse or neglect, within the meaning and intent of chapter 39, Florida Statutes, which is likely to cause the child(ren)’s physical health to be significantly impaired due to the- circumstances-described-abovebecause
6. The department is unable to ensure the protection of the minor child(ren) without judicial intervention.
7. The mother/father/parents has/have received the following services: .
8. A shelter hearing was held on .... (date)...., and the ehild(ren) was/ were placed in the custody of .
9. An arraignment hearing .... needs to be scheduled.
.... is scheduled for .... (date and time)....
10. A guardian ad litem needs to be appointed.
.... was appointed at the shelter hearing to represent the child(ren).
11. Under chapter 39, Florida Statutes, the clerk of the court is required to issue a summons to the following parents or custodians:
*218 The natural mother, .... (name)...., whose address is . The natural father, .... (name)...., whose address is .(Additional fathers and their addresses)....
WHEREFORE, the petitioner asks that process may issue in due course to bring the above-named parties before the court to be dealt with according to the law, to adjudicate the named minor child(ren) named to be dependent.
.... (Petitioner’s name)....
.... (Attorney’s name)....
.... (address and telephone number) ....
.... Florida Bar number....
Verification
Certificate of service
NOTICE OF RIGHTS
PLEASE READ THIS PETITION BEFORE ENTERING THE COURTROOM.
YOU HAVE A RIGHT TO HAVE COUNSEL PRESENT AT THIS HEARING.
BY COPY OF THIS PETITION, THE PARENTS, CAREGIVERS, AND/OR LEGAL CUSTODIANS ARE NOTIFIED OF THEIR RIGHT TO HAVE LEGAL COUNSEL PRESENT FOR ANY PROCEEDING RESULTING FROM THIS PETITION OR TO REQUEST THE COURT TO HAVE COUNSEL APPOINTED, IF INDIGENT.
Further, these persons are informed of the following:
An arraignment is set on this matter for .... (date)...., at .... a.m./p.m., at .... (location)....
The purpose of the arraignment is to advise as to the allegations contained in the Petition For Dependency. When your case is called, the Judge will ask you to enter a plea to this petition. The plea entered may be one of the following:
1. Admit: This means you admit that the petition states the truth and you do not want a trial.
2. Consent: This means you neither admit nor deny the petition, but do not want a trial.
(If you enter either of the above two pleas, the court will set a disposition date for the matter. At disposition, the court will decide where the child will stay and under what conditions).
3. Deny: This means you deny the allegations of the petition and wish the state to attempt to prove them at a trial.
4. Continue: This means you wish time to confer with an attorney, before entering a plea. If you enter this plea, the court will schedule another hearing in approximately 2 weeks. At that time, another arraignment hearing will be held, and you (or your attorney) must enter one of the above three pleas.
In accordance with the Americans With Disabilities Act persons needing a special accommodation to participate in this proceeding should contact the office of the Court Administrator as soon as possible, but no later than 7 days before the proceeding at .... (phone number) ....
FORM 8.965. ARRAIGNMENT ORDER
ORDER ON ARRAIGNMENT AND NOTICE OF NEXT HEARING
THIS CAUSE came to be heard on -(date)-, under chapter 39, Florida Statutes, on the Petition For Dependency filed by-(name)_, for arraignment
*219 of .... (name(s))- The following persons appeared before the Court:
_(Name)_, Petitioner
_(Name)_, Attorney for the petitioner
_(Name)_, Attorney for the department
_(Name)...., Department caseworker
.... (Name)...., Mother
.... (Name)...., Attorney for mother
_(Name)_, Father of ....(child)....
_(Name)_, Attorney for father
.... (Name)...., Guardian ad litem
.... (Name)...., Attorney for guardian ad litem
_(Name)_, Legal custodian
.... (Name)...., Attorney for legal custodian
.... (Name)...., Other
The court having considered the Petition for Dependency and having heard testimony and argument, and having been otherwise duly advised in the premises finds:
1. This court has jurisdiction over the subject matter of this action; and
2. The mother, .... (name)....:
.... was .... was not noticed of this hearing;
.... did not appear, and the court: . . entered a Consent by default .... did not enter a Consent by default;
.... appeared with counsel .... appeared without counsel and:
_was_was not advised of her right to legal counsel;
.... knowingly, intelligently, and voluntarily waived .... did not waive her right to legal counsel; and .... was .... was not determined to qualify as indigent and .... was .... was not appointed an attorney.
.... was served with a petition for dependency, and entered a plea of: .... Admit, .... Deny, .... Consent,
_No Plea,_Continuance
.... The Petitioner
.... will continue a diligent search and will attempt service.
.... has conducted an adequate diligent search and is excused from further diligent search and further attempts at service.
3. The father,_(name)-:
.... was .... was not noticed of this hearing;
.... did not appear, and the court:
.... entered a consent by default
.... did not enter a consent by default;
.... appeared with counsel .... appeared without counsel and:
_was .... was not advised of his right to legal counsel;
.... knowingly, intelligently, and voluntarily waived .... did not waive his right to legal counsel; and
.... was .... was not determined to qualify as indigent and .... was .... was not appointed an attorney.
.... was served with a petition for dependency, arid entered a plea of:
_Admit,_Deny,-Consent,
.... No Plea,_Continuance
.... The Petitioner
.... will continue a diligent search and will attempt service.
.... has conducted an adequate diligent search and is excused from further diligent search and further attempts at service.
4. That the ehild(ren)’s current placement in the care and ¡custody of -the de *220 partment in shelter care — with-the- department having the discretion-t.o release the child(ren) -to- a-suitabIe- adult upon comple-■tioH-ef-a positive homestudy:
.... is Betno longer appropriate, and the child(ren) shall be returned to
[[Image here]]
.... is appropriate, in that the child(ren) is/are in a setting which is as family-like as possible, consistent with the child(ren)’s best interest and special needs; and, that returning the child(ren) to the home would be contrary to the best interest of the minor child(ren); and, that every reasonable effort has been made to eliminate the need for placement of the child(ren) in shelter care, but present circumstances of the child(ren) and the family are such that shelter care is the only way to ensure the child(ren)’s health, safety, and well-being.
5. Additional findings:.
THEREFORE, based on the foregoing findings of fact, it is hereby ORDERED and ADJUDGED that:
1. The minor child(ren) shall
.... be .... returned to .... remain in the care and custody of .... (name)....
.... remain in the care and custody of the department in shelter care pending adjudication and disposition or until further order of this court.
2. The child(ren): .... is/are .... is/ are not adjudicated dependent at this hearing.
3. Mediation .... A case planning conference is/are ordered at this time and shall be conducted on .... (date)...., at . a.m./p.m., at ....(location) .... All parties, unless otherwise specified, shall attend.
4. As to the mother, _(name)_, the court:
Accepts the plea of: .... Admit,. Deny, .... Consent, .... Continuance.
.... Appoints .... Does not appoint an attorney.
Sets a hearing for .... re-arraignment .... adjudicatory trial .... disposition and case plan hearing .... trial status on .... (date).... at .... a.m./p.m.
5. As to the father, .... (name)...., the court:
Accepts the plea of: _ Admit, _ Deny, .... Consent, .... Continuance. .... Appoints .... Does not appoint an attorney.
Sets a hearing for .... re-arraignment .... adjudicatory trial .... disposition and case plan hearing .... trial status on .... (date).... at .... a.m./p.m.
6. All prior orders not inconsistent with the present order shall remain in full force and effect.
DONE AND ORDERED on — (date) —
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above-styled cause on .... (date).... at .... a.m./p.m., before .... (judge)-, at-(location)_or as soon thereafter as counsel can be heard.
In accordance with the Americans with Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at .... (telephone number)....
*221 PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
FORM 8.966. ADJUDICATION ORDER-DEPENDENCY
ORDER OF ADJUDICATION
THIS CAUSE came before this court on .... (date)...., under chapter 39, Florida Statutes, for adjudication of the Petition for Dependency filed by .... (petitioner’s name).... Present before the court were _(Name)_, Petitioner
.... (Name)...., Attorney for the petitioner
... .(Name)_, Attorney for the depart-
ment
.... (Name)...., Department caseworker
.... (Name)...., Mother
.... (Name)...., Attorney for mother
.... (Name)...., Father of
.... (child)_
.... (Name)...., Attorney for father .... (Name)...., Guardian ad litem
.... (Name)...., Attorney for guardian ad litem
.... (Name)...., Legal custodian
.... (Name)...., Attorney for legal custodian
.... (Name)...., Other
The court having heard testimony and argument and being otherwise fully advised in the premises finds:
1. That the minor child(ren) who is/are the subject matter of these proceedings, is/are dependent within the meaning and intent of chapter 39, Florida Statutes, and is/are (a) resident(s) of the State of Florida.
2. The mother, .... (name)....: .... was .... was not noticed of this hearing;
.... did not appear, and the court:
.... entered a Consent by default. . ■... did not enter a Consent by default.
.... appeared with counsel;
.... appeared without counsel and:
.... was .... was not advised of her right to legal counsel,
-knowingly, intelligently, and voluntarily waived .... did not waive her right to legal counsel and
.... was .... was not determined to qualify as indigent and .... was .... was not appointed an attorney.
3. The father,-(name)-:
.... was .... was not noticed of this hearing;
.... did not appear, and the court:
.... entered a Consent by default.
.... did not enter a Consent by default.
.... appeared with counsel;
.... appeared without counsel and:
_was_was not advised of his right to legal counsel,
_knowingly, intelligently, and voluntarily waived .... did not waive his right to legal counsel and
.... was .... was not determined to qualify as indigent and .... was .... was not appointed an attorney.
4. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the mother, _(name)_, abused, neglected or abandoned the minor ehild(ren) by ■. These facts were proven by .... competent substantialpreponderance *222 of the evidence .... clear and convincing evidence.
5. That the child(ren) is/are dependent within the meaning and intent of chapter 39, Florida Statutes, in that the father, _(name)_, abused, neglected or abandoned the minor ehild(ren) by . These facts were proven by .... competenU-substantialpreponderance of the evidence .... clear and convincing evidence.
COMMENT: Use 6, 7, and 8 only if the child is in out-of-home placement.
6. That the Court finds that it is in the best interest of the child(ren) to remain in out-of-home care.
7. That every reasonable effort was made to eliminate the need for placement of the ehild(ren) in out-of-home care but the present circumstances of the ehild(ren)
and the_mother .... father are such
that out-of-home care is the only way to ensure the health, safety, and well being of the ehild(ren), in that.
8. That the child(ren)’s placement in .... (type of placement).... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)’s best interests and special needs.
9. That returning the minor child(ren) to the custody of.... (person who had previous legal custody).... would be contrary to the best interest and welfare of the minor child(ren).
THEREFORE, based upon the foregoing findings, it is ORDERED AND ADJUDGED that:
1. The minor child(ren), .... (name(s))...., is/are adjudicated dependent.
2. The child(ren) shall remain in the care and custody of
.... the department in shelter care
.... other .... (name)....
pending disposition.
3. This court shall retain jurisdiction over this cause to enter any such further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).
4. All prior orders not inconsistent with the present order shall remain in full force and effect.
5. Disposition is scheduled for .... (date)...., at .... a.m./p.m.
DONE AND ORDERED on ... .date....
Circuit Judge
NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on .... (date).... at .... a.m./p.m., before .... (judge)...., at .... (location)...., or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at .... (telephone number)....
PLEASE BE GOVERNED ACCORDINGLY.
Copies furnished to:
FORM 8.968. AFFIDAVIT OF DILIGENT SEARCH
AFFIDAVIT OF DILIGENT SEARCH STATE OF FLORIDA
COUNTY OF.
BEFORE ME, the undersigned authority, personally appeared-(name)_, affi- *223 ant, who, being first duly sworn, deposes and says that ... .he/she.... made a diligent search and inquiry to determine the residence of ... .(name)...., the ... .parent/prospective parent.... of .... (name(s) of children))...., and the results are as follows:
1. Affiant has received the name of the _(parent/prospective parent).... from .... (name)....
2. Affiant has had no face-to-face contact with-fee .... (name of parent/prospective parent)....
3. On _(date).... affiant telephoned information at .... (name)-and was informed that there was no listing for the _(name of parent/prospective parent). ...
4. On .... (date).... affiant searched the .... (city).... telephone directory and was unable to locate a listing for — the _(name of parent/prospective parent). ...
5. On .... (date).... affiant sent a certified letter, return receipt requested, to .... (address)...., a last known address of fee ... .(name of parent/prospective parent) .... On .... (date).... affiant received the unclaimed receipt by return mail.
6. On .... (date).... affiant visited .... (address)...., the last known address of ... .(name of parent/prospective parent)...., and was informed by .... (name).... that ... .(name of parent/prospective parent).... no longer resides there.
7. Affiant has made inquiries of all relatives of-fee .... (name of parenVprospec-tive parent).... of the child, including the other parent, made known to me by the petitioner and .... (name).... The names, addresses, and telephone numbers
of those relatives contacted are: . None of the relatives contacted know the current residence or whereabouts of .... (name of parent/prospective parent). ...
8. Affiant has made inquiries of all offices of program areas, including but not limited to mental health, of the Department of Health-and RehabilitativeChildren and Family Services likely to have information about .... (name of parent/prospective parent).... The names, addresses, and/or telephone numbers of those offices are: . No one in any of these offices knows the current residence or address of ... .(name of parent/prospective parent)....
9. Affiant has made inquiries of other state and federal agencies likely to have information about.(name of parent/prospective parent).... The names, addresses, and/or telephone numbers of those agencies: . No one in any of these agencies knows the current residence or whereabouts of .... (name of parent/prospective parent)....
10. Affiant has made inquiries of appropriate utility and postal providers. The names, addresses, and/or telephone numbers of those providers are: . None of those providers know the current residence or whereabouts of ... .(name of parenVprospeetive parent)....
11. Affiant has made inquiries of appropriate law enforcement agencies. The names, addresses, and/or telephone numbers of those agencies are: . The ... .(Name of parent/prospective parent). ... is not known to any of these agencies.
12. Affiant has made inquiries of the federal armed services, including the United States Army, Navy, Air Force, Marine Corps, and National Guard The .... (Name of parent/prospective par *224 ent).... is not currently a member of these services.
13.Affiant has made inquiries of all the hospitals in the . area. The names, addresses, and/or telephone numbers of those hospitals are: . The- ... .(Name of parent/prospective parent). ... is not currently a patient at, nor has ....he/she.... recently been admitted to, these hospitals.
14. The- ... .(Name of parent/prospective parent).is/is not.... over 18 years of age.
15. Affiant is unable to determine the residence or whereabouts of ... .(name of parenVprospective parent)...,, and thus cannot personally serve process upon ... .him/her....
Affiant
Before me, the undersigned authority, personally appeared .... (name)...., the petitioner in this action, who is personally known to me/produced _(document) .... as identification...., and who affirms that the allegations are filed in good faith and are true and correct to the best of petitioner’s knowledge.
SWORN TO AND SUBSCRIBED before me .... (date)....
NOTAlRY PUBLIC
Name:.
Commission No.:.
My commission expires: .
OR
Verification (see Form 8.902).